LOUIS HELMER, PLAINTIFF IN ERROR, V. WM. KARL REHM ET AL., DEFENDANTS IN ERROR.

1. **Attachment:** SALE OF LAND. The sale of land taken in attachment under an order of court is governed by the same restrictions and regulations as are provided for sales of lands under execution.

2. ———. An error in the description of the land, *Held*, Sufficient to justify the vacation of the sale.

3. ———. The fact that an order of sale is simply erroneous, is not a sufficient ground for setting a sale aside.

4. ———: NOTICE: WAIVER. An appearance in court, and filing objections to the confirmation of a sale of attached property, is a waiver of defects in the published notice to the defendants.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The action was one of attachment, and the error complained of was in the overruling of a motion by plaintiff to confirm the sale of real property attached.

*Burr & Marshall,* for plaintiff in error.

*M. H. Sessions,* for defendants in error.

LAKE, CH. J.

I can discover in this record but a single ground on which the refusal of the court to confirm the sale can be sustained, and that is the error in the description of the land found in the published notice given by the sheriff; and this is not one of the grounds of objection urged by counsel against the sale.

The land attached and ordered sold by the judgment was the north half of the south-east quarter of section thirty, in township twelve north, range five east; and this is the tract which the sheriff returned as sold under a no-

tice given on the 9th of April, of a sale to take place on the 10th of May, 1881. Referring to the notice, it is found that the description of the land to be sold was the north half (N. $\frac{1}{2}$) of the south-west quarter (S. E. $\frac{1}{4}$) of said section.

The sale of attached lands under an order of court is governed by "the same restrictions and regulations as if the same had been levied on by execution." Civil Code, § 228. One of these regulations is, that notice shall be given of the time and place of sale, as provided in § 497; and another, that the court shall carefully examine "the proceedings of the officer" in making the sale, and if satisfied that it has "in all respects been made in conformity to the provisions" of the statute on that subject, an order of confirmation may be entered.

This notice was clearly defective. It is true that the abreviated number, in parenthesis, is correct, and possibly, might have upheld the sale if the court had seen fit to confirm it. But, however this might be, I do not think that this court would be warranted in saying that, with such a notice, there was an unlawful exercise of the supervisory control given to the district judge over sales, in setting this one aside. The fact that this objection was not brought to the attention of the judge by counsel did not prohibit him from taking cognizance of the defect and acting upon it. It was his duty to examine the proceedings of the sheriff, and if not "satisfied" in reason of the legality of the sale, it was his duty to set it aside. I am not prepared to lay it down as a rule that a notice like this one should be upheld as against the judgment of the court to which it was first presented for approval.

The first three objections urged against the sale go to the jurisdiction of the court to render the judgment. The judgment may have been erroneous for the reasons stated in these objections; but it was not void, and was ample to uphold a sale of the attached property. Even if there

were defects in the published notice to the defendants of the commencement of the action, they were cured by their voluntary appearance in contesting the sale.

So, too, of the fourth objection. This was that the land was not attachable. Even if this were so, a motion to set the sale aside simply was not the way to correct the wrong. With the sale vacated the judgment directing a sale still stands, by which another can be made which may be effectual to pass the title to the purchaser. The proper step to reach the root of the matter in such case would be to move to set the judgment aside and be let in to defend, or to obtain a reversal of it by proceedings in error. The mere setting aside of the sale affords no permanent advantage.

The fifth, sixth, seventh, and eighth objections are already practically and sufficiently answered by what has been said of the other. They were not well taken. The defendants have made a voluntary appearance, and the sale of the attached land could be properly made only in the manner provided for sales of real estate under an ordinary execution.

JUDGMENT AFFIRMED.