THOMAS M. FRANSE V. SIGMUND ARMBUSTER.

[FILED JANUARY 7, 1890.]

Foreclosure: STAY: APPEARANCE. In an action to foreclose a mortgage on real estate, the mortgagor having removed from the state before the bringing of the action, service of summons was had upon a brother of the mortgagor who resided near the land mortgaged, but on whom legal service in that action could not be made. A decree of foreclosure and sale was thereupon rendered, when the aforesaid brother, in the name of the mortgagor, put in a stay of the order of sale for nine months, of which the mortgagor was duly notified. After the expiration of the stay an order of sale was issued and the land duly sold, the mortgagor being present in the county seat at the time, but making no objection thereto, nor to the order confirming the sale and ordering a deed. *Held,* That the mortgagor, by availing himself of the stay taken in his name by his brother, thereby appeared in the action and was concluded by the decree of foreclosure and sale thereunder.

ERROR to the district court for Cuming county. Tried below before WAKELEY, J.

*T. M. Franse, pro se,* cited: *Atkins v. Atkins,* 9 Neb., 191; *Frazer v. Miles,* 10 Id., 113; *Murphy v. Lyons,* 19 Id., 689.

*J. F. Losch,* and *M. McLaughlin, contra,* cited: *Miller v. Hyers,* 11 Neb., 474; *McCreary v. Bratt,* 9 Id., 122; *Sullivan Sav. Inst. v. Clark,* 12 Id., 578; *Sandwich Mfg. Co. v. Shiley,* 15 Id., 110; *Gillespie v. Sawyer,* Id., 536;

*State v. Graham*, 21 Id., 355; *Fulton v. Levy*, Id., 478; *Anderson v. Armstead*, 69 Ill., 452; *Foster v. Bettsworth*, 37 Ia., 415; *Eikenberry v. Edwards*, 67 Ia., 14 [24 N. W. Rep., 570]; *Pitcher v. Dove*, 99 Ind., 175; *Vaughn v. Sheridan*, 50 Mich., 155; *Gardner v. Warren*, 52 Id., 309; *Horn v. Cole*, 51 N. H., 287; *Stevens v. Dennott*, Id., 324; *Storrs v. Barker*, 6 Johns. Ch. [N. Y.], 166; *Voorhees v. Olmstead*, 3 Hun [N. Y.], 744; *Phyfe v. Riley*, 15 Wend. [N. Y.], 248; *Continental Bank v. National Bank*, 50 N. Y., 575; *Blair v. Wait*, 69 N. Y., 113; *Kuhl v. Mayor*, 23 N. J. Eq., 84; *Hill v. Payson*, 3 Mass., 560; *Parsons v. Wells*, 17 Mass., 419; *Clark v. Coolidge*, 8 Kan., 189; *Waterson v. Rogers*, 21 Id., 529; *Rudd v. Matthews*, 79 Ky., 479; *Rice v. Bunce*, 49 Mo., 231; *Gillett v. Eaton*, 6 Wis., 30; *Tallman v. Ely*, Id., 244; *Stark v. Brown*, 12 Id., 572; *Racine Co. Bank v. Lathrop*, Id., 466; *Chynoweth v. Tenney*, 10 Id., 397 *; *Hennessey v. Farrell*, 20 Id., 46; *Morgan v. R. Co.*, 96 U. S., 716; *Dickerson v. Colgrove*, 100 Id., 578; *Quick v. Milligan*, 9 N. E. Rep., 393; *Beidman v. Goodell*, 9 N. W. Rep. [Ia.], 900; *Clark v. Ralls*, 24 Id., 567; *Nichols v. Schaffer*, 30 N. W. Rep. [Mich.], 383; 2 Pomeroy, Eq. Jur., sec. 802; Herman, Estoppel, 1053.

Maxwell, J.

This is an action of ejectment brought by the plaintiff against the defendant in the district court of Cuming county to recover the possession of certain real estate. On the trial of the cause the court found the issues in favor of the defendant and dismissed the action.

The testimony tends to show that in March, 1878, one Robert B. Millar, the then owner of the land in controversy, gave a mortgage on said land to Aultman & Taylor Company, to secure the sum of $713.35; that default was made in the payment of the amount secured by said mort-

gage, and in April, 1879, a decree of foreclosure and sale was had.

At the time the action to foreclose the mortgage was brought Robert B. Millar was residing in the territory of Dakota, and service of the summons in that action was made on his brother William Millar as agent.

It is not claimed that William Millar was appointed the agent of his brother under the provisions of the statute or that service upon him possessed any validity, and had there been no further appearance in the case the decree would have been void. After the rendition of the decree, however, William Millar, as agent for his brother, in his name obtained a stay, as follows:

"Aultman & Taylor Company ⎫
                    v.                         ⎬
Robert B. Millar et al.    ⎭

"To the clerk of said court: You are hereby notified that I wish to have a stay of the order of sale on the judgment in the above entitled cause, entered for the time provided by law.

"Witness my hand, May 7, 1879.

"Robert B. Millar,

"By Wm. Millar,

"*His Ag't.*"

Soon after this stay was taken Robert B. Millar was informed by the brother of the decree of foreclosure against his land, and that he had requested a stay of order of sale. Robert made no objection to this, but availed himself of the stay. After its expiration and an order of sale had been issued and the land advertised for sale he returned to this state and on the day of the sale was present in West Point, the county seat of Cuming county, but made no objection to said sale. The sale was confirmed without objection and a deed made to the purchasers.

The taking of the stay was an appearance in the action. (*Helmer v. Rehm*, 14 Neb., 219; *Warren v. Dick*, 17 Id.,

241; *Fee v. Big Sand Iron Co.*, 13 O. S., 563.) And the fact that Robert B. Millar availed himself of the stay taken in his name by his brother was thereby a ratification of his acts. His right of action was therefore barred, and as the plaintiff acquired by the conveyance only the rights of Robert B. Millar, he took nothing by his deed.

The judgment is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.