Wilson v. Sexon.

WILSON v. SEXON.

1. Highway: DEDICATION. A highway may derive its existence from a dedication of the land over which it passes to the public, as by the owner of the soil, and the acceptance thereof by the public.

2. —— The intention to thus dedicate may be manifested in writing, by parol, or by acts inconsistent with any other inference.

*Appeal from Polk District Court.*

SATURDAY, APRIL 10.

ACTION in chancery to restrain defendant from closing a certain road running through his land. Decree granting the relief prayed for in plaintiff's petition. Defendant appeals.

*St. John & Given* for the plaintiff. ·

*Polk, Hubbell & Barcroft* for the defendant.

BECK, J.—I. We find the following conclusions of fact from the record in this case: 1. Plaintiff and defendant were owners of adjoining tracts of land. In 1852 or 1853, when inclosing their farms, they left a lane or road between their lands, plaintiff building his fence about fifteen feet and defendant building his about eight feet from the line, thus leaving a roadway between their respective lands.

2. This lane was thus left open by the mutual consent of the parties, and under an arrangement between them for their convenience and the use of the public. Defendant, in resetting his fence several years after, recognized the road, and left it open.

3. This road leads from another public road, and was used by the public with the knowledge of defendant, from the time it was so established until the time of the

commencement of this suit. It was of convenience to the public having occasion to travel in that neighborhood. Work was done upon the road by those living in its immediate vicinity.

4. The road appears to be of considerable benefit and convenience to the public, and to plaintiff especially, and is used as a public road.

5. Plaintiff conveyed, by warranty deed, a part of his land adjacent to the road, and the grantee conveyed the same to defendant, so that now defendant owns land on both sides of the road, a part of its course.

6. Defendant, at and before the commencement of this suit, was about to fence up the road, and it appears from the testimony, since the commencement of the suit, has done so.

II. A highway may derive its existence from the dedication of the land over which it passes, to the public use, by the owner of the soil, and the acceptance thereof by the public for such use. No particular formality is required in order to make such dedication. Any act of the owner of the soil clearly indicating an intention to dedicate, is sufficient. The intention to dedicate — the *animus dedicandi* may be manifested by writing, sealed or unsealed, by parol, or by acts inconsistent with any inference except such intention. Proof of the *animus dedicandi* may be by circumstances, and may rest *in pais*. One of such circumstances which will be considered evidence of dedication, is the use of the way by the public, with the knowledge and assent of the owner of the soil; and when such use extends through a long series of years, the *animus dedicandi* is presumed. The reason of this rule is, that when the owner of the soil so long acquiesces in the using the way, having knowledge thereof, he is estopped to deny his prior dedication. *Irwin* v. *Dixon*, 9 How. 30, and authorities cited; *Gowd* v. *Glass*, 19 Barb.

(S. C.) 195; *Onstott* v. *Murray*, 22 Iowa, 466; 2 Smith's Leading Cases (Hare & Wallace's notes), 181, 182; Angell on Highways, § 132.

The fact that plaintiff conveyed the land by warranty deed, and the title thereof has come into the hands of defendant, does not operate to defeat the dedication of either plaintiff or defendant, as against the public. By the dedication it became a public road, and no conveyance of the fee of the land can defeat a highway.

Applying these principles to the facts, as we find them disclosed by the record, we are of the opinion that the road in question is a public highway, and that the plaintiff is entitled to the relief prayed for in his petition. The decree of the District Court is therefore

Affirmed.