MARRATT v. DEIHL *et al.*

1. **Highway**: DEDICATION: ESTOPPEL. The owner of land, under the belief that a certain road used by the public was a legally established highway, proposed that if the route of the highway was so changed as to run along the line of his land, he would give the right of way. The road was accordingly changed, and used by the public for several years, and considerable expenditures made thereon in its improvement. *Held,* that neither the dedicator nor his grantee, to whom he had sold the premises during the period of such use, could resume possession of the dedicated route and fence up the same, upon its being ascertained that the old road was not a legal highway.

2. —— NOTICE. The use of the route by the public as a highway constitutes, in such a case, constructive notice of the rights it possesses.

*Appeal from Poweshiek District Court.*

FRIDAY, OCTOBER 9.

ACTION for trespass upon real estate. Answer in denial and also justifying, for that defendant Deihl was road supervisor, and the other defendants, road hands under him, doing their duty in repairing the highway — the *locus in quo.* Trial to the court who found the facts, in substance, as follows: 1. At the time of the alleged trespass, plaintiff was the owner of the north half of the north-west quarter of section twenty-two, township eighty, range thirteen west, across which, east and west, was a road traveled by the public. The defendant Deihl was a road supervisor, and with the other defendants removed plaintiff's fences from across the road several times, to plaintiff's cost of $25.

2. For nine years prior to the supposed establishment of the Deihl road (hereafter specified), there had been a traveled way across said land, known as the Kosta road; Rock creek runs across the east forty and Bear creek across the west forty, and the bridges over these streams had been built, and they and the road had been kept up by private persons; the supervisor refused to allow for work there.

3. While the Kosta road was thus used, and in 1863, notice was given, petition presented, commissioner appointed, who, August 11, 1863, reported favorable with a survey and plat annexed, for the Deihl road, substantially on the line of the old Kosta road; the only further record entry as to its establishment is this: " Wednesday, Sept. 9, 1863.— Com. on Roads reported favorably on the Deihl road.   Adopted."

4. When the Deihl road was being surveyed, Guild owned the west forty, and he supposing the Kosta road was an established road, proposed if the line was run straight to give the right of way, which was done, and he fenced the road, leaving a lane accordingly.

5. In 1863–4, a bridge was built by the public over Bear creek, on the line of the road so laid, and was also afterward improved.

6. In 1866, the public was preparing to build a bridge across Rock creek, and Winchester, who then owned the east forty, agreed that if the bridge was built on the north line of the forty, and about twenty rods from instead of on the line of the Deihl road, he would give the right of way along the north line to the north-west corner of his forty, and if Guild would not give part from there down, he would give all the right of way to intersect the old line, and till he wanted to fence, the road could run diagonally from the bridge down. It was done accordingly, and the bridge was built by the public, and afterward improved, and it and the Deihl and diagonal road have been used by the public ever since 1866.

7, 8, 9, 10 and 11. While the road was thus used, plaintiff became owner of both forties, and afterward, with others, plaintiff applied for a change of the road, so as to follow the north line of both forties, etc., but the damages awarded to others were never paid, and this change was abandoned. Plaintiff also, after he became owner, widened the lane from the west line to Bear creek.   Before the trespass complained of herein, plaintiff inclosed his land and left no way for a road on the west line of the east forty, and also set in his fence on the north line.

No objections are made to these findings of fact. Thereon the court found, as conclusions of law, that the Deihl road was not legally established; that the Kosta road did not become a public highway by prescription, and that the dedication by parol was not binding on the subsequent purchaser without proof of notice to him of it, and none such had been made; and rendered judgment in favor of plaintiff for $25.

The defendants appeal.

*Garretson & Simpson* and *Martin & Murphy* for the appellants.

*Winslow & Wilson* and *W. R. Lewis* for the appellee.

Cole, J. — We need not discuss the sufficiency of the record entry, relating to the establishment of the Deihl road, nor the jurisdiction of the board to make such an order within sixty days after the report is filed, nor the effect of such order when collaterally attacked; nor need we discuss the question of the sufficiency of the findings of fact to show a road by prescription — the Kosta road — because, we hold, as a conclusion of law upon the findings of fact, that there was a public road by dedication at the points of the alleged trespass in this case.

As to the fact of dedication by the then owner, there is no controversy. But it is claimed that since the dedication, in both forties, was made under the mistaken belief that the Kosta road was a legal highway, it is not binding, and the dedicator may resume possession. We think otherwise. We do not, however, say that the dedicator might not, in such case, have relief in equity, upon doing equity, as, by placing the public *in statu quo* or the like. But the dedication having been fully made and accepted, and a large expense incurred upon the faith of it, and it having been acted upon for six years or more, we do not think it competent for the dedicator to resume possession and declare the dedication null and void by reason of such a mistake. In this conclusion we also give weight to the consideration that the supposed legal road was

truly a *de facto* road, which might have soon become, by prescription, a road *de jure ;* and the public, by accepting the dedicated route, and surrendering the inchoate but valuable right in the *de facto* road to the dedicator, has acquired such a right as that it cannot be thus summarily, if at all, ejected from that for which it gave some consideration. Another thought might here be mentioned, but to which we give but little consideration, which is, that the dedicator in each case had, for aught that appears, full knowledge of all the facts connected with the Kosta road, and his mistake was one of law and not of fact.

It is expressly found that while the dedicated road was being used by the public, the plaintiff became the owner of the land. We hold that this use and possession by the public was, at least, constructive notice to the plaintiff of the right of the public, and thereby he was put upon inquiry and is charged with notice of all the facts such inquiry would have disclosed, to wit, the fact of dedication and its precise extent. He stands in the shoes of the dedicator.

Reversed.