Incorporated Town of Exira, Appellant, v. P. I.
Whitted, Appellee.

**Municipal Corporations:** STREETS: DEDICATION: ACCEPTANCE: EVIDENCE.
In the instant case the plaintiff town brought suit to recover
that portion of a street which it had previously vacated, and the
evidence is held to show that the public authorities had never
deemed it practicable to utilize the same, and that the dedication
thereof was never accepted.

*Appeal from Audubon District Court.*—Hon. N. W.
Macy, Judge.

Thursday, December 17, 1908.

This is an action by the plaintiff, as an incorporated
town, to recover of the defendant a certain portion of a
vacated street, lying between blocks fifteen and sixteen.
The defendant pleads adverse possession for more than
forty years, and pleads an estoppel and a general denial
and a want of acceptance on the part of the plaintiff of
the land in question as a part of its streets.    Decree for
defendant.    Plaintiff appeals.—*Affirmed.*

*T. M. Rasmussen* and *Cosson & Ross,* for appellant.

*H. F. Andrews,* for appellee.

Evans, J.—The issue in this case turns largely upon
questions of fact and weight of evidence.  The plat of the
plaintiff town covers fifty acres of land which was formerly
owned by David Edgerton.   The plat was recorded in
1857, and we assume that the town had its beginning about
that time, although not incorporated until April 21, 1881.

The defendant relies upon some defects in the execution of the plat; the principal one being a failure on the part of Edgerton to sign the same.   We do not find it necessary to deal with that question.   The following is a diagram of blocks fifteen, sixteen, seventeen and eighteen as included in such plat:

## EXHIBIT 2.

Plat of property in controversy:

That part of Park Street lying between blocks fifteen and sixteen, and extending south to the center line of Water Street, represents the real estate in controversy. About the year 1868 the defendant became the owner of all of block fifteen, except lot four, and of lots three, four and five, in block sixteen.   He acquired the principal part

of these holdings from one Hubbard, from whom he purchased by an oral contract. At the time of such purchase Hubbard was the owner and in possession of the lots abutting on each side of Park Street. The property was fenced in one inclosure, and Park Street was included within the inclosure. Hubbard had maintained this possession of Park Street for many years prior to 1868, and the defendant has maintained such possession down to the present time. It appears that this tract is traversed by a deep ravine and a stream, and that its topography is such as to render it impracticable to use as a street without great expense, including the building of an expensive bridge across the stream. The evidence shows quite clearly that the public authorities have always refused to take any steps in the direction of improving the street or of opening it up. Many years ago a petition was presented to the town council asking that this street be opened, but the petition was refused by a vote of the council. In 1877, and before the incorporation of the plaintiff town, the board of supervisors vacated Water Street. That part of Water Street north of its center line is included within defendant's fence. The reasons given by the town officers as witnesses in the case at bar for the failure of the town to open and use the street were, in substance, that it was beyond the ability of the town to incur the expense necessary to utilize such ground as a street. Rather than to assume the burden of building a crossing at its north end, or to incur any liability with reference thereto, the town council in 1906 formally vacated all that part of Park Street which is now involved in this controversy.

It brings this action to recover the same and to quiet its title thereto, not for the purpose of opening and using the same as a street, but only for the purpose of recovering it as an asset. For the purpose of this case it may be assumed that the recording of the plat amounted to a dedication to the public of the streets and alleys shown thereon.

It may be assumed, further, that, although the plaintiff town was not incorporated at the time of the dedication, yet, upon its incorporation in 1881, the fee of such streets and alleys as were accepted by it vested in it. It will be observed that the vacation of Water Street by the board of supervisors in 1877 destroyed the continuity of Park Street at this point, and left that part of it which is now in controversy as a mere cul-de-sac available for no purpose to the public except to reach the defendant's property abutting thereon. Without reviewing the evidence in detail, we think it affirmatively appears by a fair preponderance of the evidence that the plaintiff town never accepted the dedication of this particular part of the street, and that it has always been deemed impracticable by the public authorities ever to utilize the same as a street. The evidence is not as definite as we might wish; but the action of the board of supervisors in 1877 in vacating Water Street and that of the town council in 1906 in vacating this portion of Park Street are quite consistent with this view. Although we hold in this case that nonacceptance of this street is made to appear affirmatively, we must not be understood as holding as a matter of law that the burden of proof on that question rested on the defendant. Under the evidence we do not deem it necessary to go into that question. It has its difficulties. For a full discussion of it and of methods of proof of it, see *Sarvis v. Caster,* 116 Iowa, 707; *Weber v. Iowa City,* 119 Iowa, 633; *Burroughs v. Cherokee,* 134 Iowa, 429; *Parriott v. Hampton,* 134 Iowa, 157.

We think the trial court reached a correct conclusion, and the decree below is *affirmed.*