W. B. COLLINS, Appellant, v. THE CITY OF KEOKUK, Appellee.

**Appeal:** FAILURE TO DISCLOSE ERROR: AFFIRMANCE OF RULING.    An order striking certain paragraphs from a petition will be affirmed on appeal where the matter pleaded in the paragraphs not stricken is not shown in the abstract; since by failure to disclose the same the court is unable to determine whether the party appealing was injured by the ruling.

**Municipal corporations:** NUISANCE: ABATEMENT: PLEADING.    An individual citizen can not abate a public nuisance unless he shows some injury or prejudice peculiar to himself and other than that suffered by the inhabitants generally.

**Same:** ACTION TO COMPEL TAX LEVY: PLEADING.    Nor can he compel a levy of municipal taxes unless he shows some special injury by failure to make the levy, and that the municipality at large will suffer from the omission.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

WEDNESDAY, MARCH 9, 1910.

THE opinion states the case. Order *affirmed.*

*W. B. Collins, pro se.*

*A. T. Marshall,* for appellee.

WEAVER, J.—Plaintiff's alleged cause of action was stated in an amended petition in equity of ten paragraphs, to which defendant filed a general demurrer. In ruling thereon the demurrer appears to have been treated as a motion to strike, and was sustained as to all the paragraphs except those numbered one, two and six, and, defendant declining further to plead, an order was entered that "paragraphs three, four, five, seven, eight, nine and ten are stricken out and dismissed," and from this order plaintiff has appealed.

The abstract makes no showing whatever as to the allegations of paragraphs one, two and six, which the court allowed to stand. The paragraphs stricken out are in substance as follows: (3) That the city clerk neglects to comply with the law which requires him to keep accurate and detailed account of the income and expenditures of the municipality. (4) That the city treasurer neglects to comply with the law requiring him to keep accurate accounts of the moneys received and paid out by him and to make monthly and quarterly reports. (5) That two named streets are out of repair. (7) That on July 1, 1909, the city by proper vote of its electors abandoned its special charter, and adopted the commission form of government. (8) That the city council, though requested by plaintiff so to do, has neglected to levy taxes for the ensuing year as required by the statute. (9) That while acting under special charter the city levied and collected taxes for the current year, and not for the ensuing year as other taxes are levied; but un-

der the commission plan taxes must be certified to the county auditor and entered upon the tax books of the county, and be collected by the county treasurer. (10) That the city allows and permits its streets in four different locations named to be obstructed by "lunch stands, booths, sheds, and buildings on wheels," and neglects to remove the same, though requested by plaintiff so to do. The prayer to the petition is in these words: "Wherefore plaintiff prays the order, judgment and decree of court to restrain and enjoin the defendant, its city council, officers, agents, employees, and servants to permit or allow the streets to be obstructed by booths, lunch stands, lunch wagons, structures or buildings, on wheels or otherwise; to longer delay in levying taxes for 1910, and have the same certified to the county auditor; to longer proceed under the special charter, but act under chapter 14, Supplement to the Code, and amendments; to allow the streets to remain out of repair, and such other and further relief as the facts will warrant and justify and to equity and good conscience belongs and costs."

As counsel has not favored us with any statement or suggestion as to the matter pleaded in the three paragraphs not stricken from the petition, we are unable to tell whether the elimination of the other seven paragraphs works his client any injury. For all we can tell from the record here disclosed, the portion of the petition which the court allowed to stand may contain everything necessary to be alleged to entitle plaintiff to the relief demanded. We can not presume error in the ruling. It must affirmatively appear.

1. APPEAL: failure to disclose error: affirmance of ruling.

Upon the showing made, it is not necessary that we go further to justify an affirmance of the order appealed from. It may be said, however, that the petition, so far as it is given in the abstract, is a somewhat remarkable feat of mosaic art in pleading. It combines in one array an alleged

cause of action against the city clerk for neglect of duty; another against the city treasurer for a similar breach of his official trust; another against the city to compel the repair of the "holes, depressions and uneven surface" of certain streets; another in the nature of mandamus to command the city council to proceed with the levy of taxes, and still another to require the city to abate four distinct and separate nuisances. The prayer of the petition asks no relief whatever against either clerk or treasurer. As to the condition of the streets complained of and as to the obstruction of others by "lunch stands, booths, and buildings on wheels," there is not an allegation of a single fact showing njury or prejudice to the plaintiff therefrom other or different from that which is suffered by the inhabitants of the city in general, and it is elementary that under such circumstances an action by an individual citizen to abate a nuisance will not lie.

*2. Municipal corporations: nuisance: abatement: pleading.*

To the demand for the levy of taxes, the same objection is pertinent. If plaintiff has sustained any special injury by the failure to make the levy, he does not suggest it. Nor does he make any allegation that the city at large will suffer prejudice from such omission. The city treasury may be full and overflowing with funds, and no tax be needed. Such a condition may be phenomenal, but we can not say it is legally impossible.

*3. Same: action to compel tax levy: pleading.*

No error is shown by the record, and the ruling of the district court is *affirmed.*