B. F. MENOHER, Appellant, v. INCORPORATED TOWN OF GRAVITY, IOWA, Appellee.

**Municipal corporations:** STREETS: DEDICATION. In this action to enjoin the defendant town from appropriating as a part of the street a strip of land claimed to belong to plaintiff, the evidence is held to show that the street as dedicated was one hundred feet wide and not eighty feet in width as extended and fronting on plaintiff's property.

*Appeal from Taylor District Court.*—HON. H. M. TOWNER, Judge.

MONDAY, OCTOBER 24, 1910.

ACTION in equity to enjoin the defendant down and its officers from appropriating as a part of the street a strip of ground alleged to belong to the plaintiff. Decree for the defendant. By amendment the plaintiff added a second count, wherein he claimed title to a strip of ground four feet wide adjoining the park of the defendant town. On such count, the decree was in his favor. Both parties appeal.—*Affirmed* on both appeals.

*William M. Jackson,* for appellant.

*Frank Wisdom* and *W. C. Van Houten,* for appellee.

EVANS, J.—I.   The controversy in the main case between the parties involves the question whether the street in front of plaintiff's property has a width of one hundred feet, or only eighty feet.   The following diagram shows the platting of the original town of Gravity, together with the property of the plaintiff lying to the north thereof.

The street involved in the controversy is Main Street extending north and south. Sixth Street, running east and west, constituted the north boundary of the original town plat. It is conceded, that, so far as the original plat is concerned, Main Street is one hundred feet wide. It is contended by the plaintiff, however, that north of Sixth Street the extension of Main Street is only eighty feet wide. Plaintiff was the owner of land on the north, east, and south sides of the park indicated in the diagram. His grantor laid out an addition, which involved an extension of Main Street to some extent above Sixth Street. Later the plaintiff himself laid out a second addition, which involved a further extension of such street to his north boundary. The strip of land lying to the north of the park was indicated in his plat as "lot 110." There was some irregularity and some inconsistency apparent in the platting. The plat of his addition showed an extension north of the east and west lines of Main Street as they appeared on the original plat. It did not show any diminution of width. The plaintiff himself built a picket fence, and has maintained it for many years, along a line fifty feet east of the conceded center of Main Street as extended. He also built a temporary sidewalk. The discrepancy or inconsistency which appears at this point is that the number "80" was inserted on the plat as indicating the width of this Main Street extension. Much evidence was taken, and the controversy between the parties must be determined as a question of fact. The trial court found the weight of the evidence with the defendant, and we think it was clearly so. The effect of the decree of the lower court was to find Main Street to be one hundred feet wide in its extension fronting on plaintiff's property.

The principal occasion of the controversy is that large shade trees are growing on the disputed strip, which are in close proximity to plaintiff's residence. The proposed improvement of the street, by bringing it to grade and

preparing it for a permanent sidewalk, will interfere to some extent with some of these trees. It is contended by the plaintiff that the decree ought to have reserved his right to these trees, even though they were found to be in the highway. It is sufficient to say that the ordinance and resolution under which defendant town is acting expressly requires the protection of all shade and ornamental trees to the fullest extent possible, and there is nothing in the record to warrant the belief that there is any intention on the part of the town officers to ignore the spirit of such ordinance and resolution and the plain requirements of the law in such cases.

II. The second branch of the case involves a dispute over a four-foot strip of ground lying along the south side of the park, indicated on the diagram. One of the former owners of plaintiff's land dedicated the park to the town by appropriate description of metes and bounds. The town took possession of such park, and fenced and improved it, and this was done more than twenty years ago. Some mistake, however, appears to have been made as to its true location. The tract actually taken by the town was of the proper dimensions, but it lay as a whole four feet farther north than the description indicated in the deed of gift. The result was that the town included in its park a strip of ground along its north side four feet wide, which had not been conveyed to it by its grantor, and that it left to its grantor a strip four feet wide along its south line, which had been conveyed. This discrepancy was discovered many years ago, and seems to have been acquiesced in by both parties, and each has exercised undisputed dominion over the respective strips in his actual possession. The trial court adjudged each to be the owner of the strip so possessed by him, and required that each relinquish to the other by proper quitclaim deed, so as to give to each a paper title conformable to his possession. We think the evidence warranted the decree in this respect.

The decree of the trial court is therefore affirmed on both branches of the case.

*Affirmed* on both appeals.