GEORGE LONG, Appellee, v. SAMANTHA E. WILSON et al., Appellants; GUTHRIE COUNTY, Intervener, Appellee.

HIGHWAYS: Discontinuance—Method of Establishment. An allegation of a petition to enjoin the closing of the alleged highway that there was, at a certain time, a public highway opened and traveled, was on the theory that the alleged highway was made a highway by establishment by the board of supervisors, and excluded the idea of the creation of the highway by dedication, prescription, or adverse possession.

APPEAL AND ERROR: Review—Scope and Extent in General—
2  Necessity to Prove Allegation. Where the plaintiff claimed
   that a highway, which he sought to enjoin defendants from
   closing, was formally established by a board of supervisors, the
   defendants may, on appeal, unless they have in some way
   lost such right, insist that plaintiff is entitled to no relief
   unless he can prove that such road in controversy was formally
   established as a public highway.

APPEAL AND ERROR: Review—Questions of Fact, Verdicts, and
3  Findings—Trial De Novo. In an equity trial, reviewable *de
   novo*, the findings of fact by the trial court do not have the
   force and effect of a verdict.

APPEAL AND ERROR: Review—Questions of Fact, Verdicts, and
4  Findings—Decree Not Justified by Pleadings. Where the peti-
   tion to enjoin defendants from closing an alleged public high-
   way was framed on the theory that the highway was formally
   established by a board of supervisors, and there was no basis
   in the petition of an estoppel or the creation of the alleged
   highway by dedication, a decree based on dedication or estop-
   pel is not justified by the pleadings, and cannot be sustained.

HIGHWAYS: Discontinuance—Absence of Dedication or Acceptance.
5, 7 Evidence reviewed, in a suit to enjoin the closing of a highway,
   and held insufficient to show a dedication by the owner or an
   acceptance of the highway, if it could be deemed to have been
   dedicated by the owner.

HIGHWAYS: Discontinuance — Presumptions — Adverse Possession
6  —Notice. Where the original use of a highway was permissive,
   and entirely in harmony with a nonpermanent easement, no
   presumption is raised that long-continued use or possession was
   under a claim of adverse right, unless express notice of the
   use was given, as required under Sec. 3004, Code, 1897.

HIGHWAYS: Discontinuance—Absence of Dedication or Acceptance.
5, 7

*Appeal from Guthrie District Court.*—LORIN N. HAYS,
Judge.

JULY 3, 1919.

AN injunction was awarded, restraining the defendants

from closing up an alleged public highway, and defendants appeal.—*Reversed.*

*Howard J. Clark, Weeks & Vincent,* and *H. N. Hansen,* for appellants.

*Sayles & Taylor,* for appellees.

SALINGER, J.—An allegation that, at the time 30 years ago when plaintiff bought his farm, that which he now claims to be a public highway was *then* such highway and traveled, may, for the sake of argument, be

1. HIGHWAYS: discontinuance: method of establishment.

conceded to admit proof of anything that will create a public highway,—say, that the strip in question was dedicated for a highway, and the dedication accepted by long-continued use and travel (assuming, now, that mere use by travel will constitute an acceptance). But can the same be said of the allegation made in this petition? It is an averment that the strip alleged to be now a public highway is such highway because, at the time when plaintiff bought, "there was a public highway opened and traveled (on that strip) * * * and that said public highway still exists and has ever since been used and traveled by the public." The strip could be an "open and traveled public highway" on the day when plaintiff bought his land if, earlier than the time of the purchase, said strip had been dedicated for such highway, and the dedication accepted by long-continued travel (assuming, once more, that such travel could constitute an acceptance). But the strip could not, on that day, have been *"opened"* as a public highway if continuous public travel in future years was necessary to make such strip such highway. It follows the allegation excludes the creation of the highway by dedication and acceptance, prescription, or adverse possession, and that the petition is framed on the theory that the alleged highway was made a highway through establishment by the board of super-

visors. It might be said that the averment that "said pub-
lic highway  *   *   *   has ever since been used and trav-
eled by the public" is idle, if the pleader intended to assert
a highway by formal establishment; that, if a road had
been "opened as a public highway," defendant would have
no right to obstruct it, if no one had ever traveled it. We
think that this part of the plea is intended to present mere-
ly that the formally established highway has remained such,
and has not been abandoned or vacated. And this con-
struction has full support from the fact that plaintiff ad-
dressed much testimony to proving that there had been
neither abandonment nor vacation of the alleged public
highway.

Of course, a public highway may come into existence
without formal establishment. But, as seen, plaintiff's case
is bottomed on the claim that the road in question was
formally established. Unless, then, defend-
ant has in some way lost such right, he
may now insist that plaintiff was entitled
to no relief unless he has proved that the
road in controversy was formally estab-
lished as a public highway. Such insis-

2. APPEAL AND
ERROR: review:
scope and ex-
tent in general:
necessity to
prove allega-
tion.

tence but asserts that the decree must be within the issues
joined, and that it will be reversed if it does not respond
to the issues. And such is a position that the law fully sus-
tains. See *Schuster v. Davis,* 185 Iowa 143, and cases there-
in cited and analyzed.

This is not a case where the right to complain has been
lost, because, though the petition pleaded what did not en-
title plaintiff to the relief demanded, no objection to the
sufficiency of the pleading was made below. The plea here
was unassailable. That one threatens to close a road which
has been formally opened, does warrant injunctive relief.
The only way to meet such plea as this was by denial. And
defendant did make general denial. True, this general

denial was needlessly, even irrelevantly, amplified. The answer did not stop with denying the alleged establishment of the claimed highway. It avers that "no public highway has ever existed along the location described in the petition, either by prescription or otherwise;" that the land occupied by the alleged highway "has never been dedicated to the public or to any person by the owners thereof for a public highway or any other purpose;" that all have treated the claimed road as not being a public highway; that plaintiffs have never claimed of defendant or his grantors "any right to said land or any right to travel over the same;" that defendants "have never had express notice or knowledge that plaintiff claimed any right to said land or the right to travel over the same;" that plaintiff has no claim of right, except a permissive use granted by the defendant from neighborly kindness, because existing established highways were difficult to travel; that to treat the alleged highway as a public highway will materially injure defendant in his property rights; and that plaintiff will not be injured by closing up the alleged public highway. True, the defendant has denied what is not charged, and defended against what is not urged. But, of course, that does not destroy his denial of the only thing that is charged. In final effect, the needless part of the answer asserts that there are certain reasons why the plaintiff should not have the relief demanded, even if the allegations of his petition were established. Since plaintiff had no right to an injunction unless he proved the formal establishment of the alleged highway, an answer which says, in effect, that he would not be entitled to such relief even if he proved such establishment, does not relieve the plaintiff from proving such establishment. The range of the arguments, too, is needlessly enlarged along the lines of the needless amplifications found in the answer. These enlargements will have consideration in another connection. As between plaintiff and defendant,

then, the only legitimate inquiry on this appeal is whether the plaintiff has shown that what he claims to be a public highway was created by formal establishment, according to statute. The plaintiff asserts that there should be an affirmance here because the findings of the trial court have the force and effect of a verdict. That is not the law on review *de novo*. While the findings below have, even in a chancery appeal, some significance, they do not have the status of a verdict. But if such findings did have such standing, or if we took the defendant at his word, a reversal must ensue because the finding of the trail judge is, "I find that the same never was laid out or established by any legal proceedings." What is more, this finding is unassailable. There is absolutely no evidence of any such establishment. On the authority of *Schuster Bros. v. Davis,* 185 Iowa 143, that should end our review. It appearing that no relief was due on the only allegation of the petition made the basis for relief, it would follow that the relief given cannot be sustained. The court should not give relief upon a theory not raised by the pleadings. Precisely that was done. The injunction was ordered upon a finding that the conduct of the defendant's grantor lulled the public into the belief that certain "formally established highways were not to be used, and that the alleged highway would be open for use, and that such conduct worked an abandonment of said established public highway." This, if it be anything, is the finding of an estoppel, where no estoppel was pleaded. The injunction specifically rests upon the further finding that these things "must be held to be a dedication of the way in dispute to the public as a public highway, and the long-continued use of it by the plaintiff and public generally, without objection from the defendant, as an acceptance of this way in lieu of

3. APPEAL AND ERROR: review: questions of fact, verdicts, and findings: trial *de novo.*

4. APPEAL AND ERROR: review: questions of fact, verdicts, and findings: decree not justified by pleadings.

the one established by law;" and that, therefore, the court is of opinion:

"That, from and after the date the owner learned that a highway had been established over his land, that there was a dedication of the traveled highway as the highway, and that it was to be in lieu of the road as laid out; that it has been traveled as the highway ever since, and for more than 10 years. I therefore conclude that the prayer of plaintiff's petition, so far as the road in Section 14 is concerned, should be sustained."

And it was thereupon so ordered. This decree cannot be sustained, if it were otherwise justified by the evidence of the law, because neither said estoppel nor creation of the alleged highway by dedication and acceptance was the basis of the petition.

II. But, without reference to the state of the pleadings, the decree is sustained by neither the evidence nor the law. To our minds, the evidence shows conclusively that the landowner had no intention to dedicate, and that the defendant did not understand that any dedication for a public highway was intended. The claim that a dedication was made rests very largely upon loose conversations claimed to have been had with the grantor of the defendant, years ago. These stand undenied, because the said grantor is dead. But that fact does not relieve such testimony of its inherent weaknesses. But take the talks at their face value, and it is still clear that there was no intent to dedicate, and no understanding that a dedication had been made.

5. HIGHWAYS: discontinuance: absence of dedication or acceptance.

Hansen did not think he had dedicated this land for a public highway, because he moved his hog pasture fence along the line of the road formally established by the board, and also moved his gate, so that it entered the established road. The land was raw, and practically unfarmed. Han-

sen could have laid out and improved his farm with refer-
ence to the alleged road from the very beginning. Instead
of doing this, he acted in these matters with reference to
the duly established road. He farmed the land each year
as he did any other field. Now, as to plaintiff's under-
standing that a dedication had been made: we do not over-
look the argument that, while it may be true that, in 1888,
the appellee did not consider the alleged road to be a public
highway, sufficient time has elapsed since then for prescrip-
tion to run. It suffices to say that prescription is not the
basis of the petition; that, moreover, the decree does not
rest on prescription, but possibly on estoppel, and, very
certainly on dedication and acceptance; that, even if time
to make title by prescription had lapsed since 1904, plain-
tiff did not think, as late as 1904, that there had been a
dedication. And we hold also that prescription was not
worked by the time between 1904 and the institution of
this suit.

In 1904, the plaintiff engaged in petitioning the county
board to change the course of the established highway.
Certainly, he did not then believe that the alleged road had
been made a public highway because of abandonment of the
established road. If he believed that had been abandoned
because the claimed highway had been established, there
was no occasion for him to ask this change. In a talk with
defendant's grantor, testified to by plaintiff, appellee ac-
knowledged that the highway established by the board ex-
isted, and that he had had the same established on the
quarter section line. Later testimony indicates that this
talk was not with the grantor of defendant, but with an-
other. But the nature of the talk is not changed by the
modification, and it involves a claim of right to travel on
the road established by the authorities. As late as 1904,
the appellee began putting up telephone poles, not along the
line of the alleged highway, but on the line of the road duly

established by the board. Appellant contends that, on the authority of *Brutsche v. Bowers,* 122 Iowa 226, plaintiff has no standing, because he, too, closed the alleged highway with a gate. Assume this fact is not a bar to relief, still it is evidence that plaintiff did not understand that the land in question had been dedicated for a public highway. As late as 1904, plaintiff caused the township trustees to work the regularly established road, which he now claims was abandoned in order to make the alleged road a substitute; and he then built a culvert in it, and hauled planks for use on that road. When he sold part of his land, he did not except from the conveyance what was covered by the alleged road.

On the trial, the appellee testified as follows:

"Q. That is what you want here,—you want this established road opened, if this one is opened? A. I want one or the other; that is what I want. Q. What your proposition is, that, if the public road is established there— A. On the line, and made so I can travel. I don't want them to shut the others at all until it is established. Q. When that is done, that ends the controversy. A. Of course, I am not kicking, as long as they open me my road and make it passable on the road, I will travel on the road; that is what I told them before they told me that they would make it that way."

Thereupon, an adjournment or continuance was had. There is testimony for which it may be contended that, during this adjournment, attempts were made to make the regularly established road passable, but that, nevertheless, the plaintiff brought his suit on for trial once more. We do not hold with appellant that this testimony and this adjournment worked an estoppel upon the plaintiff, but do hold that, once more, it is evidence that there were times when plaintiff did not believe that the claimed road was one duly established. If the old road had, in fact, been vacated,

and the alleged road been made. a substitute public highway, the natural answer for Mr. Long to have made was not that he made no claim to the alleged road if the "established" road was opened and made passable. The testimony creates the impression that use had been granted because the regular road was not in good condition, and for so long as it should remain in bad condition, rather than that there was a vested right to the now claimed road.

It is fairly deducible from the evidence as a whole that taxes were exacted, from year to year, on the very land now asserted during the same years to have been a duly established public highway.

We hold that dedication is not proved.

### 2-a

But assume that dedication is shown. Is acceptance established?

The claimed highway has never been worked. The mere fact that the landowner knew the public was constantly traveling over the alleged highway cannot be made to work an acceptance of a dedication, unless we overrule the statute. It is conceded that, in this case, the original use was permissive, and entirely in harmony with a nonpermanent easement. We have held that, in such case, the provision of Section 3004 of the Code of 1897, requiring express notice that the use is adverse, is to be emphasized, and that, where the original grant was a mere license, no presumption is raised that long-continued use or possession was under a claim of adverse right. *Shimanek v. Chicago, M. & St. P. R. Co.*, 178 Iowa 1187. It cannot be claimed that there was such express notice. Aside from the travel, the only evidence of notice of adverse claim is, first, that plaintiff cut weeds on the strip. His wagon track killed crops, and the weed cutting but removed what grew because of his use of the strip. Such cutting by him

6. HIGHWAYS: discontinuance: presumptions: adverse possession: notice.

was neither express nor any other notice of a claim that the strip had become a public highway. Another thing relied on is somewhat complicated. In effect, there is a claim that the grantor of defendant was desirous that the regularly established highway be not used, and that, to accomplish this desire, he offered this strip as a substitute. Upon this is builded the argument that the conduct of this man worked an abandonment of· the regularly laid-out highway, and "lulled" plaintiff and the public into the belief that the same had been abandoned, and. the alleged road substituted. These positions involve the claim that the regularly established highway has been, in effect, vacated; that the conduct of defendant's grantor worked such vacation; that he induced the public to believe there had been such vacation; and that all this was done because of his desire that the public road should not be traveled, and that, instead, the travel should go over his farm land. The ultimate deduction is that, therefore, his grantee may not say that the alleged road is not a public highway.

7. HIGHWAYS: discontinuance: absence of dedication or acceptance.

### 2-b

Most of this easily answers itself. First, it urges an estoppel, and none is pleaded, and the decree is not based on one. Next, why should a sane man be so anxious that other people should not travel over a public road which the authorities were under duty to make passable,—so anxious to bring this about as to urge the public to take his land for a highway, without pay? The alleged substitute road was traveled by few. It leads nowhere but to plaintiff's house, and could not go beyond that, because of a river. But pass that. If Hansen was unfriendly to the regular road because it was difficult for him, as well as all others, to travel it, and if the claimed road was an effective substitute, why could he not use it for himself alone? Why need he urge the public to escape difficult travel at his ex-

pense? Again, the claim made involves that the legal high-
way was, in effect, vacated. It is in flat dispute whether
the regular highway could, in reason, be traveled. In as-
serting that it was an impracticable road, the appellee disre-
gards the finding that was made by its establishment that
it was both a desirable and practicable road; also disre-
gards the fact that, if it was desirable and practicable when
established, there has been no change in conditions to make
it less desirable or practicable. But assume the regular
road was not a good one; that it would be very expensive
to make and keep it good. These facts do not work a va-
cation. The most that can be said is that such conditions
would justify the board in vacating the road in statute
method, or in establishing another. Suppose Hansen was
opposed to the use of the established road, prevented its im-
provement, and used part of it for a field road. Suppose
he did have a feed lot partly across a part of the established
road. Suppose Hansen and his grantors and grantees have,
for 26 years, fenced in the alleged regularly established road
with the land now owned by appellant. Suppose Hansen
and his grantees gave other indications of hostility to the
established road. Suppose Hansen did say he was going to
give up the fight he was making to keep the regularly estab-
lished road fenced in, and declared it was an advantage to
him to put his feed lot on a part of that highway. Surely,
none nor all of this works a vacation of a highway. And
vacation had, does not prove the land of appellant was
made a substitute public highway by dedication and ac-
ceptance.

The reasonable view is that, because the regular road
was in bad shape, Hansen, in kindness, permitted the public
to travel over his land. It is unreasonable to say he in-
sisted on giving away his land for a permanent highway
because the public road had not had what it was the duty
of the authorities to give to it. The court expressly found

against the claim that such a highway as the petition describes was in existence, and decreed that only part of the alleged public highway was such highway. The appellee has not appealed, and it is the law of the case that, as to part of the claimed road, there was no dedication or acceptance. We have gone through the record over and again on this point, and are utterly unable to see how there can have been a highway created of part of the strip by dedication and acceptance if that be not true as to the other part. Whatever basis there is for claiming this highway, rests upon the speech and conduct of Hansen and the action thereon by plaintiff and the public. This speech and this conduct relate to one part of the strip as much as any other. In other words, there is only one set of facts bearing upon dedication and acceptance. It follows that the dismissal of the petition in part is another strong reason for holding that, on the findings of the trial court, neither evidence nor law support the sustaining of the other part of the petition.

On the testimony as a whole, we conclude it was not proved that the alleged highway was created by dedication and acceptance, and so the ground upon which the decree is planted is not only without the issues, but is otherwise untenable.

### 2-c

There is dispute on whether the regularly established highway afforded the appellee an outlet from his farm. If it did not, that is immaterial. That fact will not make private land into a highway. The remedy is not such suit as this, but the pursuit of statute methods for obtaining the outlet.

III.    As to the intervention by the county, much that has been said as to the needless answer to the petition is applicable to the answer to the petition of intervention. Much of it is a mere repetition of the answer made to the petition. It will be required to note no more than the

points wherein the state of the pleading differs from what it is between plaintiff and defendant. For one thing, the intervener alleges that the claimed road has existed for at least 30 years, and the same has become a public highway by prescription. If, then, the evidence sustains this claim, the county cannot be defeated for want of plea. We have already indicated, however, that prescription is not established. What is more, as has been seen, the decree found against title by prescription, and found, instead, that the alleged highway was created by dedication and acceptance. The intervener further alleges that it will be impracticable and almost impossible to make a good road of the one established on the section line; that it would entail great expense to maintain such road, while the claimed road is maintainable with practically no expense; that the board of supervisors do not deem the maintenance of the laid-out road practicable. We have indicated that proving what is here alleged would be no warrant for the injunction granted. But while the defendant joined issue with the allegation, and while he pleads various avoidances of the same, he at no time made the objection that the facts pleaded did not justify the relief demanded. Defendant pleads, also, that the county is estopped to urge its present claims. It is unnecessary for us to pass upon the estoppel. If the court had found that an injunction should be awarded because it was impracticable to maintain the regularly established road, we might have been unable to interfere. But, as said, no relief was given because of the said allegation as to impracticability. The relief is based on finding dedication and acceptance. The petition of intervention at this point is precisely like the main petition. Neither pleads dedication and acceptance, and there is no proof of it. The decree below must be, and is,—*Reversed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.