LYTLE INVESTMENT COMPANY, Appellee, v. STEWART GILMAN, Mayor, et al., Appellants.

**MUNICIPAL CORPORATIONS: Governmental Powers—Review by Courts.** Principle reaffirmed that what a city does within the zone of its granted powers is not subject to review by the courts, in the absence of plea and proof of fraud.

**NUISANCE: Public Nuisance—Remedy of Private Party — Special Damages.** It being assumed, arguendo, that advertising matter on a street traffic regulator constitutes a public nuisance, yet a private party may not enjoin such nuisance, in the absence of a proper plea and affirmative proof that such party will suffer a damage distinct from that of the general public. (See Book of Anno., Vol. 1, Sec. 12395, Anno. 72 *et seq.*)

Headnote 1:  28 Cyc. p. 282.  Headnote 2:  28 Cyc. p. 901.

*Appeal from Woodbury District Court.*—ROBERT H. MUNGER, Judge.

DECEMBER 15, 1925.

REHEARING DENIED MARCH 12, 1926.

APPEAL from a decree enjoining the defendants from acting or attempting to act under the provisions of a resolution of the city council of Sioux City and a contract based thereon with

the defendant Automatic Signal Advertising Company, in so far as the provisions of said contract relate to the use of the advertising panels on traffic regulators installed by said company on certain streets of the defendant city. The opinion states the facts. Defendants appeal.—*Reversed.*

*Paul M. Hatfield* and *E. G. Smith,* for appellants.

*E. J. Stason* and *S. G. Pickus,* for appellee.

DE GRAFF, J.—The city council of the defendant-city of Sioux City, by virtue of statutory authority (Section 4992, Paragraph 1, Code of 1924), on July 19, 1924, adopted a resolution authorizing the mayor and the commissioner of public safety to enter into a contract of lease with the defendant Automatic Signal Advertising Company, to install automatic traffic regulators on certain street intersections; and pursuant to said resolution, a contract was executed between said city and the advertising company whereby the said company leased to the city thirteen electric traffic regulators, to be placed by lessor at its own expense, and to be maintained by it for a period of three years, without cost to the lessee. The provocation for this action is found in the stipulation of the contract, to wit:

1. MUNICIPAL COR-PORATIONS: governmental powers: review by courts.

"The lessee agrees, in consideration for the installation and maintenance of said traffic regulators, to allow the lessor the right to paint and maintain the four sides of advertising panels in combination with each of said traffic regulators, and the lessor agrees to provide the necessary electrical current."

The plaintiff alleges in its petition that, as a taxpayer and abutting property owner on one of the street intersections, it is entitled "to the unobstructed use of the said streets for the use of himself and his said tenants, and the placing of private advertising upon towers or obstructions in said streets and in front of the building of this plaintiff will cause this plaintiff to suffer damage, by reason of the fact that it will be unable to rent said rooms to tenants whose competitors might [profit], through the maintenance of their signs and advertising in the public street fronting and abutting upon the property of the

plaintiff,'' and that such damage is special and distinct from the damage suffered by other citizens, by reason of the illegal and unlawful use of the public streets by the Automatic Signal Company for private gain. This is the gist of the action praying for an injunction.

Preliminary to the answer to the controlling proposition on this appeal, it may be said that the trial court on the fact issue ruled, and correctly so, that the traffic regulators, without relation or reference to the advertising matter, were proper and suitable mechanical devices for the regulation of traffic on the streets of the defendant-city. It is well established that a court will not interfere in the exercise of lawful municipal authority in the absence of a plea and showing of fraud. It is not for a court to weigh the needs of a city in the matter of municipal improvements. This is the province of the city council to determine. It is a matter left to the discretion of the municipal tribunal, and the exercise of that discretion in good faith is conclusive. 2 High on Injunctions (4th Ed.), Sections 1240, 1311; *Clay v. Independent Sch. Dist.*, 187 Iowa 89; *Swan v. City of Indianola*, 142 Iowa 731; *Brewster v. City of Davenport*, 51 Iowa 427.

Furthermore, it may be observed that the instant action was not instituted on behalf of the public or upon the relation of any public official to test the validity of the resolution or the contract based thereon. It follows, therefore, that the decisions on which appellee relies, are not of material helpfulness in the solution of the determinative question presented in the case at bar. See *People ex rel. Healy v. Clean Street Co.*, 225 Ill. 470 (9 L. R. A. [N. S.] 455); *State ex rel. Belt v. City of St. Louis*, 161 Mo. 371 (61 S. W. 658); *Fifth Ave. Coach Co. v. City of New York*, 194 N. Y. 19 (86 N. E. 824, 21 L. R. A. [N. S.] 744), 221 U. S. 467 (55 L. Ed. 815).

2. NUISANCE: public nuisance: remedy of private party: special damages.

There is no occasion to pass the cited decisions in review, or to question the correctness of the legal principle therein pronounced. If we assume, without deciding, that the advertising matter in question constitutes a public nuisance, as contended by plaintiff, this proposition is not decisive on this appeal. Sufficient to state that the instant proceeding is instituted by a

private citizen for public nuisance, and the essence of his right of action is a private injury. Under such circumstances, plaintiff must prove some special damage different in kind from that suffered by the general public. This rule has been affirmed many times by the decisions of this court.

A citizen cannot ordinarily complain of the general use of the public streets. He must establish that his interest as a private citizen is coupled with the fact that he sustains special damage of a private nature. His property or rights must be affected differently from those of the general public. *Smith v. City of Jefferson,* 161 Iowa 426; *Bradford v. Fultz,* 167 Iowa 686.

The primary and determining question on this appeal, therefore, involves the right of this plaintiff to enjoin an alleged public nuisance. As said in *Young v. Rothrock,* 121 Iowa 588:

"The test is, does plaintiff suffer damage distinct from that of the general public?"

Unless the allegation of special damage is sustained by competent proof, "an action by an individual citizen to abate a nuisance will not lie." *Collins v. City of Keokuk,* 147 Iowa 605.

A court will not presume damage. That the maintenance of a traffic regulator containing signs advertising the wares of merchants in other parts of the city would be an injury and damage to the plaintiff is a mere expression of opinion, and the statement of the secretary of the plaintiff-corporation that he assumed that it would be more difficult to rent the store rooms in plaintiff's building by reason of the advertising, and that he thought "in that way it would decrease the rental value," is purely speculative. There is no substantive evidence that plaintiff has suffered or will suffer pecuniary loss. It may be that plaintiff and others similarly situated "do not like to have a sign of his competitor anywhere near him," but this does not constitute proof of special damage, within the purview of the law.

For the reason indicated, the decree entered by the trial court is—*Reversed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.