E. A. REA, Appellee, v. JOHN A. FERGUSON, ET AL., Appellants.

**Specific performance:** PARTIES. Where a deed to real property pursuant to a contract of sale was deposited with a bank in escrow, the bank was a proper party to an action for specific

performance of the contract where delivery of the deed was part
of the relief asked, and especially where the bank had taken
a mortgage upon the property subsequent to the execution of
the contract.

Specific performance: JURISDICTION. The courts of this State have
2  jurisdiction to decree specific performance of a contract for
the sale of land situated in another State, where the parties to
the action are residents of Iowa.

Decree: ELECTION OF REMEDIES. In a suit by the purchaser for spe-
3  cific performance of a contract to convey land, the defendant is
not entitled to a decree authorizing him to elect whether he
will return the amount paid on the purchase price or accept the
balance due and deliver the deed, where time was not the
essence of the contract or where he had taken no steps to
declare a forfeiture, and especially when such relief was not
asked by pleading or otherwise.

*Appeal from Van Buren District Court.*— HON. ROBERT
SLOAN, Judge.

TUESDAY, MARCH 7, 1905.

ACTION in equity for the specific performance of a con-
tract to convey real estate, entered into between the plaintiff,
Rea, and the defendant, Ferguson. The contract was re-
duced to writing, and bears date December 4, 1902. Therein
it is provided that the real estate, the subject thereof, and
being a farm in Clarke county, Mo., shall be conveyed to
Rea by Ferguson upon full payment of the sum of $16,500;
the conveyance to be by warranty deed, accompanied by an
abstract of title showing perfect title. Payments of the pur-
chase price were provided to be made as follows: $7,500 at
time of execution of the contract, and $9,000 March 1, 1903.
Concerning the title, it is further provided that, if any im-
perfections appear in the abstract, Ferguson agrees to cor-
rect same within a reasonable time. If title is not perfected
by March 1, 1903, "so that the same would be approved
by a loan company," then Ferguson agrees to take a first
mortgage on the farm to secure the remaining payment, with
interest at five per cent., and hold same until title can be

corrected. In its closing sentence, the contract recites: "The deed attached to this contract shall be left with the contract at Manning's Bank, Keosauqua, to be delivered to E. A. Rea at any time when settlement is made as provided herein." The controversy arising out of said contract, and which is the subject of this action, together with the material facts, will be stated in the opinion. From a decree in favor of plaintiff, the defendants appeal.— *Affirmed.*

*Berkheimer & Dawson, Wherry & Walker,* and *E. L. McCoid,* for appellants.

*Mitchell, Sloan & McBeth* and *Miles & Steele,* for appellee.

BISHOP, J.— I. It is alleged in the petition that the contract and deed were deposited with the defendant Manning's Bank; that thereafter plaintiff offered to perform on his part, and demanded of the bank delivery of the deed in its possession, which the bank refused. Delivery of such deed is a part of the relief prayed for in the petition. On coming in, the bank moved for a dismissal of the action as to it; and this for the reason that the petition did not disclose any interest on its part, either in the contract or the result of the action, and that it was neither a necessary nor a proper party. The motion was overruled, and of this the appellant bank complains. It may be conceded that the presence of the bank was not necessary to an action to enforce the contract. But as the bank was the custodian of the deed executed, and as a delivery of such deed was prayed for, and could be enforced only by a decree binding upon the bank, and, as we shall see presently, as the bank had taken a mortgage on the real estate in question subsequent to the execution of the contract which was the basis of the action, its enforced presence as a party was not improper, to say the least. There was no error in the ruling.

1. PARTIES.

II. The defendant Ferguson assailed the petition by demurrer, the particular ground thereof being that the court had no jurisdiction, inasmuch as the real estate which was the subject-matter of the action was situated in the State of Missouri. As all the parties to the action reside in this State, the point made by the demurrer is ruled adversely to the contention of appellant by the decision in the case of *Wright v. Leclaire,* 3 Iowa, 221. The rule of that case was recognized and approved in the recent case of `Epperly v. Ferguson,* 118 Iowa, 47.

2. Specific Performance: jurisdiction.

III. It is not disputed but that the first payment of $7,500 was made by Rea to Ferguson at the time and as provided for in the contract. It appears that, after the making of the contract, Rea went to California for the winter, leaving the matter of performance on his part to be attended to by an agent and his attorneys. An abstract of title was furnished by Ferguson, but the condition of the title as shown thereby was made the subject of complaints and requirements on the part of said attorneys, and matters thus stood in an uncompleted condition on March 1, 1903. Within a few days thereafter, Ferguson, who was largely indebted to Manning's Bank, executed and delivered to the bank a mortgage on the real estate in question to secure such indebtedness in the sum of $10,000, which mortgage was at once made a matter of record. Rea returned to the state during the month of March, and, having failed to secure a completion of the contract deal, this suit was brought. The answer filed by defendants — omitting reference to some matters not material to be considered, in the view we take of the case — alleged perfect title to the lands in Ferguson, as shown by the abstract furnished; that time was of the essence of the contract as to payment of the purchase price; and that plaintiff had failed to make such payment on March 1st, as provided in the contract. The prayer of the answer

3. Decree: election of remedies.

is that the petition be dismissed, with costs. By way of a subsequent pleading, and also while upon the stand as a witness, plaintiff offered to accept of the deed to the land with the title as it then stood, and to pay the sum of $9,000, with interest from March 1st. This was followed by a statement on the part of the defendant Ferguson, while he was on the stand as a witness on his own behalf, that he had always been ready, and was ready then, to deliver to plaintiff the deed to the land upon payment of the $9,000 and interest, on condition that he (plaintiff) accept of the title as shown by the abstract.

Upon the case being submitted, the court found that the mortgage given to the defendant Manning's Bank was intended simply to await the payment to be made under the contract by plaintiff, Rea; that such payment was to be made to the bank, and by it applied on the indebtedness of Ferguson, whereupon the mortgage was to be canceled. The decree then provided that in case the plaintiff, Rea, should pay to the defendant bank, for the use of the defendant Ferguson, the sum of $9,000, with interest from March 1, 1903, at 6 per cent. per annum, within forty days from the date of entry of the decree, or, in case an appeal should be taken, then within forty days from the final disposition of such appeal, the defendant bank should thereupon cancel its mortgage and deliver to plaintiff the deed to the lands in its possession; further, that, if said sum of money should be so paid, the defendant Ferguson should be regarded as holding possession of the lands as a tenant of plaintiff, and should account to him for the rents and profits. The value of the rents for the year 1903 was found to be $959, and judgment for that sum was ordered in favor of plaintiff against defendant Ferguson, conditioned only upon payment being first made by the former to the bank, provided for as stated above. The costs of the case were ordered taxed to defendant.

The contention for error in the decree as thus entered,

made by appellant, is this: That the decree should have given to defendant the right to elect whether he would return the $7,500 paid on the contract, or, on the other hand, take the balance due, with interest, and deliver the deed. There are several reasons why the contention thus made should not be sustained. To begin with, time was not by the writing declared to be of the essence of the contract; and, should we concede, as contended for by counsel, that it was competent to establish by evidence aliunde that such was in fact the agreement, notwithstanding the letter of the writing, still it must be said that the record before us stops far short of proving that any such agreement was had between these parties. But aside from all this, the defendant had taken no steps to declare a forfeiture. He had not served a notice as required by sections 4299 and 4300 of the Code. Finally — and this is conclusive of itself — he did not ask the court, by pleading or otherwise, to enter a decree such as that he is now insisting should have been entered.

In view of the attitude assumed by the respective parties, it is manifest to our minds that equity was accomplished by the decree as entered, and that we have no need to enter upon inquiry into any collateral question respecting the character of the title to the lands, or to go any farther by way of a determination of what were the technical rights of the parties, growing out of the failure to perform on or before March 1, 1903.

Accordingly the decree is *affirmed*.