BANK OF HORTON, Appellant, v. J. M. KNOX, Appellee.

Mortgage foreclosure: SERVICE BY PUBLICATION IN ANOTHER STATE: DEFICIENCY JUDGMENT: APPEARANCE. Under the Statutes of Nebraska creating separate rights to foreclose a mortgage and to have a deficiency judgment, a citizen of Iowa served by publication, who, after a decree of foreclosure in the Nebraska Court files a request with the court for stay of execution, as

provided by the Statute of that State, does not thereby make such an appearance to the action as to confer jurisdiction upon the court to enter a personal judgment against him for the deficiency.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

WEDNESDAY, OCTOBER 17, 1906.

REHEARING DENIED, FRIDAY, FEBRUARY 15, 1907.

ACTION upon a foreign judgment. The trial court dismissed the petition, with costs, and plaintiff appeals.— *Affirmed.*

*Parrish & Dowell,* for appellant.

*Sullivan & Sullivan,* for appellee.

BISHOP, J.— Plaintiff is a banking corporation of the State of Kansas, and the defendant is a resident of the city of Des Moines, in this State. In October, 1898, plaintiff brought an action in equity in the district court of Gage county, Neb., to foreclose a mortgage on real estate in that county given by defendant to secure a note evidencing a debt owing by him. Service of notice of such action was had by publication, and in due time a decree was entered providing for foreclosure and an order of sale. After entry of the decree, the defendant filed with the clerk of said court a request for stay of the order of sale for nine months, as authorized by the law of that State. On the expiration of the nine months an order of sale issued, and the mortgaged property was sold by the sheriff of the country for a sum less than the amount due on the indebtedness secured, with interest and costs; the amount of the deficiency being $506.66. The sale so made was subsequently confirmed by the court. Thereafter the plaintiff bank procured to be served person-

ally upon the defendant in Polk county, this State, a notice that on a day fixed it would apply to said district court of Gage county for a deficiency judgment in the sum above mentioned. The defendant did not appear in response to such notice, and on April 13, 1900, proceedings were had in the Nebraska court resulting in the entry of a personal judgment against the defendant for the sum claimed. It is this judgment that is sought to be recovered upon in the instant action.

Among other matters of defense, the defendant challenged the validity of the judgment sued upon, for that the court assuming to enter the same had no jurisdiction to enter a judgment *in personam*. The trial court held that this defense should be sustained, and, we think, rightfully so. As this conclusion must lead to an affirmance of the judgment appealed from, we shall have no occasion to consider any of the questions arising out of the other matters of defense pleaded. That the jurisdiction of a court to enter judgment may always be inquired into is doctrine too well established to admit of question. *Cuykendall v. Doe,* 129 Iowa, 453; *Thompson v. Whitman,* 18 Wall. (U. S.) 457 (21 L. Ed. 897); *Knowles v. Logansport Co.,* 19 Wall (U. S.) 58 (22 L. Ed. 70). Now, to authorize a judgment *in personam* the court must not only have jurisdiction of the subject-matter of the action, but of the person of the defendant; and this is the rule in Nebraska, as it is in this State and elsewhere. *Wescott v. Archer,* 12 Neb. 345 (11 N. W. 491); *Cobbey v. Wright,* 23 Neb. 250 (36 N. W. 501).

As well understood, jurisdiction of the person can only be obtained by service of notice within the State, or by a voluntary appearance. Judged by this rule, it is clear that we have no case of a judgment upon personal service, and if the judgment as entered by the Nebraska court can be sustained on any theory it must be because the filing of the request for stay or order for execution amounted to a personal

appearance in the action sufficient to authorize the subsequent entry of such judgment. And this, therefore, presents the only question with which we have to deal. From the Nebraska statutes, in force at the time and introduced here in evidence, it appears that in cases of mortgage foreclosure a personal judgment is not contemplated in the first instance. If the mortgaged property does not sell for sufficient to extinguish the debt, and the debtor is properly before the court, the entry as against him of a deficiency judgment is authorized. Now, unlike the course of proceeding prevailing in this State, it is the rule of the Nebraska statute that, upon the decree for the sale of mortgaged premises being entered, the order of sale " shall be stayed for the period of nine months from and after the rendition of such decree, whenever the defendant shall within twenty days after the rendition of such decree file with the clerk a written request for the same," etc. Code Civil Procedure Neb., section 477 (b).

This is what was done in the instant case, and the precise question is: Did the filing of such request with the clerk confer jurisdiction on the court to render a deficiency judgment as upon a personal appearance to the action ? Under our statute — and we must presume that the Nebraska statute is the same — an appearance in an action is accomplished by delivering to the plaintiff or the clerk a memorandum to that effect, or by entering an appearance on the court records, or by announcing the same in open court; and an appearance for any purpose connected with the cause will be taken to be a general appearance, and will authorize the court to proceed as though personal service of the notice of the action had been regularly and duly served. Code, section 3541. The expression " for any purpose connected with the cause," however, is not to be taken as wholly unrestricted in meaning. The appearance must have some relation to the merits of the controversy, and the purpose must be to invoke some action on the part of the court havig di-

rect bearing in some way upon the question of the judgement or decree proper to be entered. *Osborn v. Cloud,* 21 Iowa, 238. In that case, the action was at law aided by an attachment, and the service was by publication only. By the judgment the amount due plaintiff was determined, and there was an order for the sale of the attached property. Following a sale of such property, the defendant came before the court and moved to set aside the execution sale, whereupon the plaintiff moved for a general judgment against the defendant on the original cause of action. The motion was overruled, and this was held to be without error. It was said that, within the meaning of the statute, " the appearance in support of the motion to set aside the sheriff's sale was not an appearance ' for any purpose connected with the cause.' It is so distinct from the cause as to require a separate notice." It is probably true that the filing of a request for and the procurement of a stay of execution, as was done in the Nebraska court by this defendant, would operate as an appearance so far as to preclude a denial of jurisdiction to enter the foreclosure decree and to proceed to an execution thereof. But such rule has its roots in the doctrine of estoppel. The right to a stay is given by statute, and, up to the expiration of the time given for its exercise, the foreclosure proceedings are subject to it. If the defendant chooses to exercise his right, there can be no reason for saying that he thereby confers any right upon the decree plaintiff which can be made the basis of affirmative action; he simply estops himself from thereafter raising up an attack upon the validity of the decree. And the only right raised up in favor of the plaintiff is the negative one of pleading the estoppel if occasion requires. Within our understanding, the Nebraska cases cited and relied on by counsel for appellant do not run counter to this view: *Franse v. Armbuster,* 28 Neb. 467 (44 N. W. 481, 26 Am. St. Rep. 345); *Dreyfus v. Moline Co.,* 43 Neb. 233 (61 N. W. 599). In the former case it appeared that Franse, a fore-

closure defendant who had not been served with any notice of the action to foreclose, after decree entered filed a request for stay of execution. After the expiration of the stay period, an execution issued and the mortgaged property was sold, and in due time the sale was confirmed, and a deed executed to Armbuster, the purchaser. Thereafter Franse brought an action in ejectment against Armbuster upon the ground, as we assume from reading the opinion, that the court was without jurisdiction to enter the foreclosure decree, and it was held that by reason of his taking the stay, which amounted to an appearance in the action, the decree and the sale had thereunder was binding upon him. In our view, nothing more was here meant to be decided than that the taking of the stay operated as a waiver of the jurisdictional defect arising out of the want of service of notice. Most certainly the opinion cannot be construed as holding that, from the mere fact that a request for stay was filed, the court was authorized to proceed against the foreclosure defendant without further notice and in respect of a matter not in any sense involved in the foreclosure decree. In the latter case cited it was held that a defendant against whom judgment had been rendered by default, without notice, and who thereafter came in and moved for and secured a retaxation of the costs, thereby waived all objections to the jurisdiction of the court to enter the judgment.

Conceding, then, as we may, that by taking the stay the instant defendant waived the right to thereafter question the validity of the foreclosure decree, still there can be no good reason for extending the operation of the waiver to include matters wholly disconnected with the purpose thereof and the particular subject-matter with which it was connected. A waiver is defined to be the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. And by general rule it must be evidenced by an unequivocal and decisive act, clearly proven. " If the act is not of such character, or is not in-

consistent with the enforcement of the right claimed to have been waived or an intention to rely upon it, no waiver is established." 29 Am. & Eng. Enc., 1105. Now, by the statute of Nebraska, a foreclosure plaintiff, unless specially authorized by the court, has no right to a personal judgment until the mortgaged property has been exhausted on execution sale under the foreclosure decree. The right to foreclose and the right to a deficiency judgment are therefore separate and distinct, although both are bottomed upon the same general cause of action. Now, the appearance of the defendant — and we need not stop to determine upon the accuracy of the expression — was for the specific purpose of claiming a right incident only to the foreclosure proceedings, and given in absolute terms by the statute. And in doing this it cannot be said that he invoked any action at the hands of the court whatever. The filing of the request had the legal effect of itself, and simply, to tie the hands of the clerk and prevent, for the time being, the issuance of an execution. The situation was no different from what it would have been had he appeared after execution issued and filed a request in writing with the sheriff, claiming his right under the statute to have the land sold in parcels. And it would be absurd to say that, by such appearance, the defendant invoked any action of the court having relation in any way to the then contingent right of plaintiff to a deficiency judgment. It could not even have been known at the time that there would be any occasion for a demand for and the entry of a deficiency judgment. In any event, the request for a stay could have no possible connection with such contingent right of plaintiff and liability of defendant.

Without further discussion, we conclude that there was no appearance by the defendant in the Nebraska court for any purpose connected with the cause touching the right of plaintiff to a personal judgment, but was wholly disconnected therefrom, and hence due and legal notice of the subsequent proceedings in which judgment was demanded and

entered against him was not waived by such appearance. It follows that the court below was right in holding that the judgment sued upon was void for want of jurisdiction, and in dismissing the action.— *Affirmed.*