FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant, v. BANK OF PLYMOUTH et al., Appellees.

No. 40884.

JUNE 20, 1931.

REHEARING DENIED FEBRUARY 9, 1932.

Senneff, Bliss, Witwer & Senneff, for appellee.

F. A. Ontjes, for appellant.

STEVENS, J.—It appears from the allegations of the petition, or otherwise in the pleadings, and these facts for the purpose of

this case will be taken to be true, that the appellee R. Valentine and F. G. Ehlers were partners carrying on a banking business at Plymouth under the name of Ehlers & Company; that on or about February 13, 1923, Ehlers was appointed administrator with will annexed of the estate of Mary Langshadl, deceased, and that as such administrator he gave a bond in the sum of $18,000 with appellant surety company as sureties. The bank became insolvent in 1925, at which time there was a balance due Ehlers, as administrator of said estate, of $11,690.24. Subsequent to the insolvency of the bank, Valentine, one of the partners therein, conveyed the S.E.¼ of Section 20, Township 96 north, Range 19 west of the 5th P. M., Cerro Gordo County, Iowa, and Lot 2, Block 9, Paul Felt's Plat, Mason City, Iowa, to appellee Gertrude B. Huntley, his daughter. In the meantime, judgment was obtained against appellant as surety on the bond for the amount due the Langshadl estate. At the time of the commencement of this action, the appellees Valentine and Huntley were nonresidents of the state of Iowa and residents of the state of California. Original notice of the commencement of the action was served upon them in California. Gertrude B. Huntley on April 14, 1930, appeared by counsel and filed answer. The original petition, which was later superseded by a substituted petition, alleged that Valentine on or about the year 1927 conveyed to his daughter Gertrude B. Huntley all of the real estate he owned in Iowa without adequate consideration and in fraud of the rights of creditors and particularly of this plaintiff; that there is due the plaintiff from the defendants the sum above named with interest thereon at 6% from the date of the judgment against appellant. The only property, however, that was specifically described in the petition was the 160-acre tract in Cerro Gordo County above referred to.

The answer of the appellee Gertrude B. Huntley, so far as material to the present controversy, denied that the conveyance of the real estate in Cerro Gordo County was without consideration, but admitted the conveyance of the farm property to her. After the issues had been thus joined, a stipulation was entered into on her behalf to take her own and the depositions of other witnesses in California. It was disclosed by the testimony of appellee that her father had also conveyed to her the Mason City property previously described, and that she had sold and

conveyed the same to one J. C. Williams for the consideration of $19,000. Thereafter, and on the 26th day of September, 1930, appellant, with the court's permission, filed an amended and substituted petition, making Williams a party defendant thereto. Both Valentine and Gertrude B. Huntley appeared specially to the amended and substituted petition for the purpose of challenging the jurisdiction of the court to render a personal judgment against either of them. Resistance was filed to the special appearance upon the grounds that appellee Huntley was duly served with an original notice and had entered her appearance in the actions, and signed a stipulation to take depositions, which depositions have been taken and filed; that the issues tendered by the original action involved the same subject matter as the later pleading; and that such pleading is germane thereto. Upon submission thereof to the court, the special appearance was sustained. Appellant appeals from this ruling of the court only in so far as it affects Gertrude B. Huntley. The ruling of the court sustaining her special appearance presents the only controversy now before us. The precise question is one of first impression in this state, and the industry and research of counsel have failed to bring to our attention any case in which the same has been passed upon by the court of any other jurisdiction.

For many years prior to the enactment of Chapter 162, Laws of the 34th G. A., which provided therefor, special appearances were not permitted in this state. It is not claimed that the appellee Huntley was in any way originally liable to appellant for the default of Ehlers as administrator of the Langshadl estate or as a partner in the insolvent bank. The original petition charged appellee with being the fraudulent grantee of the 160-acre tract in Cerro Gordo County, and prayed that a lien for the amount of the judgment rendered against appellant on the administrator's bond be established and confirmed on said real estate; that the conveyance thereof by Valentine to appellee be held for naught; that the rights and interest of appellant in and to said premises be decreed to be senior and superior to any right or interest of appellee's; and that the same be sold to satisfy appellant's claim and the judgment against it.

Judgment was also prayed against the ''defendants'' in the sum of $11,690.24, with interest thereon at the rate of 6% from

the 31st day of May, 1928. The defendants named in the petition were Bank of Plymouth, F. G. Ehlers & Company, Bankers, R. Valentine, F. G. Ehlers, and Gertrude B. Huntley. No personal judgment was asked against appellee in the original notice of the commencement of this action, but it was stated therein that "said conveyance was thus received by defendant Gertrude B. Huntley, who, by receiving such conveyance, became also indebted to plaintiff and to plaintiff's predecessors in right in the amount of plaintiff's claim, $11,690.24, with interest, costs and expenses."

It is alleged in the amended and substituted petition, in addition to other formal and necessary allegations, that the said Gertrude B. Huntley, in furtherance of the plan and scheme of her father to defraud his creditors, received a conveyance of the Mason City property above described, with full knowledge of the fraudulent purpose of the grantor, and that she has conveyed the same to J. C. Williams, named in said amended and substituted petition as a defendant, for a consideration of $19,000, which she has received and wrongfully converts to her own use; that, at the time of such conveyance, appellant had an equitable lien on said Mason City property; and that appellee, who has received rents and profits therefrom, holds the proceeds thereof and of the said property sale as trustee for the creditors of her grantor. It prays that she be required as such trustee to account for said $19,000, and that she be ordered to pay the same to appellant so far as may be necessary to pay its claim, and that personal judgment be entered against her therefor. It is, as before stated, to this amended and substituted petition that appellee Gertrude B. Huntley entered her special appearance for the purpose of challenging the jurisdiction of the court to require of her an accounting or to enter personal judgment for the amount, if any, found to be due.

Although it is contended by appellant that the allegations of the original petition are broad enough to include the Mason City property, it is, of course, admitted that the only property specifically described therein is the 160-acre tract. It is provided by Section 11573 of the Code that:

"The relief granted to the plaintiff, if there be no answer, can not exceed that which he has demanded in his petition. In any other case the court may grant him any relief consistent

with the case made by the petition and embraced within the issue.''

It is obvious that no cause of action upon which a personal judgment could have been entered against appellee was set up in the original petition. Surely, under the provisions of the foregoing statute, no personal judgment could, upon the allegations of the petition, have been entered against her by default. We think it equally clear that none could have been entered against her if a trial had been had upon the issues joined on said original petition. The only judgment which could have been properly rendered against appellee upon the cause of action as originally stated was such as would have been consistent with the allegations of the petition and embraced within the issues tendered. Manassa v. Garland, 200 Iowa 1129; Richardson v. Short, 201 Iowa 561; Bacon v. Iowa Central Ry. Co., 157 Iowa 493; Long v. Wilson, 186 Iowa 834; Schuster Bros. v. Davis Bros., 185 Iowa 143; Kows v. Mowery, 57 Iowa 20; Casady v. Woodbury Co., 13 Iowa 113; Pfiffner v. Krapfel, 28 Iowa 27.

The remedy sought in the petition was the subjection of the 160-acre tract to the payment of the debt. Property in such case remains that of the debtor, and the creditor's remedy is against the property, and not for a personal judgment. Lambert v. Reisman Company, 207 Iowa 711.

Assuming that a cause of action is pleaded in the amended and substituted petition upon which appellant would be entitled to a personal judgment against appellee, if the court has jurisdiction of her person to enter same, is it not clearly a new and distinct cause of action from that stated in the original petition? Do not the allegations of the petition plead an entirely new cause of action rather than set up matters in amplification of the cause of action originally pleaded? The amended and substituted petition sets up a cause of action upon which both an accounting and personal judgment are sought. The relief prayed in the original petition was *in rem* and against the property only. Kolb v. Mall, 187 Iowa 193. The distinction between an action *in rem* and one in which an accounting and personal judgment is asked is obvious.

Much stress is laid in argument by counsel for appellant upon the numerous holdings of this court that, where an ap-

pearance is entered by a defendant, the court acquires jurisdiction to grant any relief sought in the petition or that is germane to the cause of action stated. Authorities need not be cited at this point. It is also true that courts exercise liberal discretion in granting permission to file amendments to existing pleadings or to file amended and substituted pleadings. Appellant does not claim that the service of an original notice upon appellee in California would give the courts of this state jurisdiction to render a personal judgment against her. No notice was served upon her of the filing of the amended and substituted petition.

Appellee must in this case be dealt with as a nonresident, with certain rights of which she cannot be deprived. The legislature of this state has recognized the right of one served with an original notice to, by a special appearance, challenge the validity of the summons or the jurisdiction of the court over either the person or the subject matter before it. In dealing with nonresidents who are not subject to the jurisdiction of the courts of this state for the purpose of having a personal judgment entered against them upon original notice served upon them in the state of their residence, courts will exercise the utmost care and good faith. Murray v. Wilcox, 122 Iowa 188.

The ruling of the court of which complaint is made would not have been questioned by appellant if the same had been made upon a special appearance to the original petition if the allegations thereof and the relief sought had been identical with the matters contained in the amended and substituted petition. The demand for judgment against appellee in the original petition could not have been granted upon the cause of action stated therein. Neither appellee nor her counsel could have anticipated, when her appearance was entered and answer filed to the original petition, that the issues there tendered would be so changed and amplified as to include a cause of action upon which a personal judgment might be rendered against her. A special appearance at that time upon the grounds stated in the appearance to the amended and substituted petition could not have been sustained. To deny her the right to enter a special appearance to the amended and substituted petition filed in this cause would challenge the good faith of the court. Hay v. Tuttle, 69 N. W. (Minn.) 696. The general appearance entered to the original cause of action must be held to have been in good

faith on appellee's part and for the purpose of meeting the issues then tendered. She desired, and had a right, to contest the prayer of the petition as contained in the original pleading, without incurring the further hazard that her appearance would be held to have been general. She had no reason to believe that she was subjecting herself to the hazard of a personal judgment.

It is to be regretted that the court is unable to cite any authority directly in point to sustain the conclusion reached, but, in the opinion of the court, such conclusion is fully sustained by reason and the authorities cited which bear indirectly thereon.

For the reasons stated, the court is of the opinion that the ruling complained of was right, and the judgment is affirmed.— Affirmed.

All Justices concur.