## PAUL SELLARS v. JULIA SELLARS.[1]

January 10, 1936.

No. 30,666.

*Burton R. Sawyer*, for appellant.
*William W. Pye*, for respondent.

HILTON, JUSTICE.

An appeal from a judgment of the district court dismissing, because of lack of jurisdiction, plaintiff's appeal from an order of the probate court denying plaintiff any relief against his former guardian in an action for an accounting.

William Sellars died intestate in 1925 possessed of an 80-acre homestead. He was the husband of Julia Sellars, the defendant, and the father of Paul Sellars, the plaintiff, and of Ruby Sellars, both children being minors at the time of their father's death. The

[1]Reported in 264 N. W. 425.

plaintiff and Ruby Sellars each were decreed an undivided one-half interest in the land, their interest being subject to a life interest therein of the defendant. Defendant was appointed guardian of the children. As such she took possession of certain personal property belonging to her wards. In 1927 she petitioned the probate court for license to sell the real estate. Permission was granted and a sale made for $8,400, defendant's life estate being reported as appraised at and sold for $7,791.80 and the remainder belonging to the wards as only $608.20. The defendant at that time was 53 years of age. The sale of the wards' interest for the amount stated was confirmed by the probate court.

Plaintiff became of age April 9, 1928, and signed a receipt for all property due him from his guardian and authorized her release as such. No consideration for the release was stated. Plaintiff was paid $728 by the guardian as the amount due him. On June 2, 1928, the probate court made and filed its order discharging the guardian and her bondsmen from further liability in said matter. Shortly thereafter the defendant moved to Illinois, where she has ever since resided.

May 15, 1934, plaintiff filed a petition in the probate court requesting that the order releasing the defendant as his guardian be set aside and that the guardian be ordered to account to him for his proper share of the proceeds from the sale of said land. He claimed that there was fraud in the obtaining of his signature and consent to the above mentioned receipt; that it was represented to him by the defendant that the amount paid him was his share of the personal property and that the defendant was entitled to the income from the proceeds of the sale of the land during her lifetime. It was further claimed that the appraisers erred and should have appraised the life interest of the defendant in the land as worth only $4,579.68 instead of $7,791.80.

The probate court made an order for a hearing on the petition. The order also provided for service on defendant by publication, which was duly made and a copy of the court order mailed to the defendant and also one to her attorney of record in the previous proceedings, who also acted as her attorney in these proceedings.

At the time set for the hearing the defendant appeared specially by this attorney and objected: (1) That the court had no jurisdiction of the subject matter; (2) that the court had no jurisdiction of the parties; (3) that plaintiff's petition did not state facts entitling him to any relief. The court overruled the objection to jurisdiction and ordered the petition heard on the merits. At a hearing had, the defendant's attorney still claiming lack of jurisdiction, the probate court found that the appraisers had made an error in computing the value of defendant's life interest and ordered its records changed so as to show the correct amounts. The court then held that it had no jurisdiction to require the defendant or her bondsmen to pay petitioner any amount that might be due him.

Plaintiff appealed to the district court and made a motion to have that court make an order for the parties to frame pleadings, plaintiff submitting a proposed complaint. Defendant again appeared specially and objected to the motion upon the grounds that: (1) The court had no jurisdiction over the defendant for lack of legal service of process on her; (2) the court had no jurisdiction of the subject of the action. Defendant's motion to dismiss was granted upon the grounds that the court had no jurisdiction. Plaintiff appeals from the judgment entered thereon.

The order of the district court dismissing the proceedings was based on the sole ground that it had no jurisdiction over either the person of the defendant or the subject matter of the action. The only question for our consideration is whether that court did lack such jurisdiction. This question must be answered in the affirmative.

Plaintiff urges that this is an *in rem* action. To that we cannot agree. In Durfee v. Abbott, 50 Mich. 278, 15 N. W. 454, 458, an executor gave a bond. Its condition was that the principal obligor should pay all the debts and legacies of the estate. Subsequently a suit was brought against the executor on an alleged indebtedness of the testator. The executor was served by publication as in probate proceedings. The Michigan court in holding that such a service would be insufficient stated [50 Mich. 285]:

"It seems plain, then, that the right to establish the claim in controversy on merely constructive notice to the parties concerned cannot be admitted on any assumption that the proceeding is a proceeding *in rem*. The *res* having disappeared, and the demand having become the personal obligation of the executor and his sureties, they are entitled to have it treated as a personal obligation in the proceedings to prove.it. They are entitled to their day in court, and to personal service of process, or a substitute therefor, to bring them before the court."

Here, as in the Michigan case, the *res* has disappeared, and the action attempted to be brought by plaintiff cannot be one *in rem*.

At no time during this proceeding has the defendant consented to the jurisdiction of the Minnesota court. Quite to the contrary, there has been objection all the way along. The action attempted to be brought by plaintiff here, if successful, would result in a judgment *in personam* against the defendant. A court must acquire jurisdiction over the person of a defendant before a judgment *in personam* can be rendered against that defendant. Traders Trust Co. v. Davidson, 146 Minn. 224, 178 N. W. 735; Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565. Here no such jurisdiction was ever acquired. A court cannot give itself personal jurisdiction over a party merely by assuming it, the extent of a court's jurisdiction being determined by territorial limitations in this instance. See Plummer v. Hatton, 51 Minn. 181, 53 N. W. 460; 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5141.

It is contended that as defendant answered to the merits lack of jurisdiction over her person was waived. In this state the rule is that when a party appears specially and objects to the jurisdiction of the court over his person he does not waive the objection by answering to the merits and proceeding with the trial even though the objection is overruled. Samels v. Samels, 174 Minn. 133, 218 N. W. 546; 1 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 482. Here the defendant has objected throughout the entire proceedings. She has appeared specially in each instance and attacked the jurisdiction of the court. Certainly it cannot be said that there was

any waiver. Holding as we do that there was no jurisdiction over either the person of the defendant or the subject matter of the action, the other points raised need not be considered.

Affirmed.