GEORGE DUNLOP, Appellee, v. FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, DON DUNLOP, Intervener, Appellee.

No. 43549.

DECEMBER 15, 1936.

John M. Schaupp, for appellant.

Salinger, Reynolds & Meyers, and M. R. Tan Creti, for appellees.

ALBERT, J.—On the 24th of June, 1935, the plaintiff filed his original petition herein, which was later followed by an amendment thereto. On the 12th of October, 1935, the defendant appeared and filed an answer. The prayer under the original petition was for specific performance of a contract, requiring the defendant to convey the property involved and, on failure of the defendant to execute and deliver a deed, that a commissioner be appointed to make such conveyance; and "that the court grant such other and further relief in the premises as is equitable".

Briefly stated, the claim of the plaintiff in this petition and amendment was that he had purchased the land involved, to wit, 240 acres in Greene county, Iowa, that the plaintiff had performed his part of the contract, and that the land bank had refused to make conveyance in accordance with the terms of the contract.

The case went to trial and after the plaintiff had introduced his testimony he filed a substituted petition. This petition differed from the original petition in that it prayed for "such orders, judgments or decrees as shall be equitable or necessary to afford full relief on account of the matters complained of".

The defendant is a nonresident corporation with its principal place of business in the city of Chicago. Service of the original notice herein was not made within the state of Iowa, but was duly served on the defendant corporation in the city of Chicago; in pursuance of which the defendant in due time appeared in the Iowa court and filed answer to the original petition and amendment as above stated. When the substituted petition was

filed defendant filed special appearance thereto and objected to the jurisdiction of the court, claiming therein that in the original petition and amendment the plaintiff's action was for specific performance in favor of the plaintiff, and that said cause of action was an action *in rem* and the relief prayed was *in rem,* and that it was not an action *in personam* and against the defendant as now prayed in the substituted petition; and that in said substituted petition a new, distinct, and independent cause of action was alleged, and new issues set up, changing the entire theory of the case as originally pleaded by the plaintiff, and alleging a distinction between the contract originally sued on and the substituted petition in that in the substituted petition the additional allegation is made that the defendant "would take no further steps in the collection of said debt or enforcement of said judgment against said lands, and receive and accept the things promised to be given them in full satisfaction and discharge thereof." Otherwise the same general allegations appear in both petitions, except that in the latter part of the substituted petition it is alleged, in addition, that one Don Dunlop was a party to the contract, and by reason of said allegation the cause of action therein stated differs from the original cause of action in that the prayer of the original petition could be granted only in an action *in rem,* and defendant asks that the court "adjudge and decree that it has no jurisdiction to try and determine any of the issues or cause of action plead or to grant the relief asked in the substituted petition."

Reference is also made to a petition of intervention, which will be referred to later in this opinion.

The court overruled the special appearance; defendant refused to plead further and judgment was entered in favor of the plaintiff.

The defendant land bank relies largely, if not wholly, on the case of Fidelity & Casualty Co. of New York v. Bank of Plymouth, 213 Iowa 1058, 1061, 237 N. W. 234, 235. We do not think that said case solves the question we have before us. That case was a creditor's bill to set aside a deed to a 160-acre tract of land, growing out of the following facts. One Ehlers, a member of a partnership doing a banking business, was appointed administrator of an estate. He gave a bond with the plaintiff as surety. The banking partnership failed. Judgment had been obtained against this plaintiff on the aforesaid bond. Valentine,

who was a member of said partnership, and his daughter, Gertrude B. Huntley, were residents of the state of California, and in this creditor's bill proceedings service was made upon them in said state. It appears that the creditor's bill was to set aside a deed to a described quarter section of land in Cerro Gordo county, Iowa, which had been made by Valentine to his daughter, Gertrude B. Huntley. Huntley entered a general appearance in the Cerro Gordo county court to said creditor's bill and filed answer. Prior to the trial of the case depositions were taken which disclosed that Valentine had also deeded to his daughter Huntley certain business property in Mason City, Iowa, and Huntley had sold said business property for $19,000. The plaintiff then filed an amended and substituted petition, and among other things asked that Gertrude B. Huntley be held to be a trustee and to account for the $19,000 she had received on the sale of the business property in Mason City; whereupon Gertrude B. Huntley entered a special appearance challenging the jurisdiction of the court to require her to account or to enter personal judgment against her for the amount found due as the result of the sale of said property. We there held that section 11573 of the Code provides that:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he has demanded in his petition. In any other case the court may grant him any relief consistent with the case made by the petition and embraced within the issue."

The opinion continues:

"It is obvious that no cause of action upon which a personal judgment could have been entered against appellee was set up in the original petition. Surely, under the provisions of the foregoing statute, no personal judgment could, upon the allegations of the petition, have been entered against her by default. We think it equally clear that none could have been entered against her if a trial had been had upon the issues joined on said original petition. The only judgment which could have been properly rendered against the appellee upon the cause of action as originally stated was such as would have been consistent with the allegations of the petition and embraced within the issues tendered. (Citing cases.)

"The remedy sought in the petition was the subjection of the 160-acre tract to the payment of the debt. Property in such case remains that of the debtor, and the creditor's remedy is against the property, and not for a personal judgment. Lambert v. Reisman Company, 207 Iowa 711, 223 N. W. 541."

The opinion continues, and holds that:

"The amended and substituted petition sets up a cause of action upon which both an accounting and personal judgment are sought. The relief prayed for in the original action was *in rem* and against the property only. Kolb v. Mall, 187 Iowa 193, 174 N. W. 226. The distinction between an action *in rem* and one in which an accounting and personal judgment is asked is obvious."

We have no disposition to recede from what is held in the above case. In short, that case holds that the original petition did not call for personal judgment against Huntley, but that the amended and substituted petition did call for the same, and therefore the special appearance was properly sustained. This case is authority for the proposition that where the notice is served outside of the state, and plaintiff in the petition asks only for the subjection of lands to his claim and does not further ask for any personal judgment, the jurisdiction of the court is limited to the matters referred to in the petition.

Under the original notice and original petition and amendment filed herein the substance of the plaintiff's claim was that he had a contract to buy property from the land bank; that he had fully carried out his part of the contract, and that the land bank refused to convey in accordance with the terms of the contract; and he asked that the land bank be required to specifically perform its contract, and for equitable relief. The land bank insists in its special appearance that the action as originally commenced was an action *in rem*, and this is the first question with which we are confronted.

■■■ It is true that this court has held that an action for specific performance is an action *in personam*. Rea v. Ferguson, 126 Iowa 704, 102 N. W. 778; Epperly v. Ferguson, 118 Iowa 47, 91 N. W. 816. But in neither of these cases is the question of service outside of the state involved. See, also, Lowe v. Mann, 74 Ga. 387; Welch v. Ladd, 29 Okla. 93, 116 Pac. 573; Spurr v. Scoville, 3 Cush. (Mass.) 578.

In Epperly v. Ferguson, supra, it is said:

"It is the general rule that an action for specific performance is primarily *in personam,* and that a party to such a contract may be sued wherever found. But it does not necessarily follow·that such actions must be brought at the residence of the defendant, whether the court there has jurisdiction of the property or not; and, while the general rule is as stated, the action is transitory, unless made local by statute, and may be brought in a court having jurisdiction of the property, or in one having jurisdiction of the person only, at the option of the plaintiff."

In the case of Spurr v. Scoville, supra, the Massachusetts court said:

"This is strictly a proceeding *in personam.* There is but one person who is the party defendant, and he is not a passive party but must be eminently active in the performance of any decree which may be made against him. The whole object of the bill is to compel the defendant to execute a conveyance of land, as is alleged, according to his contract."

In the case of Close v. Wheaton, 65 Kan. 830, 70 Pac. 891, the court said:

"There is no doubt that specific performance, looking alone to its nature, operates *in personam* entirely, and that as a consequence, independently of statute, a suit to compel the execution of title papers can be brought only in the county of the defendant's residence. * * * Suits for the performance of agreements are not brought to determine titles, because, if so, they would operate on the *res,* but they are brought to enforce purely personal contracts. Of course, if the defendant obeys the decree, the title will pass, and the court may, in proper cases, order the decree to stand as a conveyance, in which instance, also, the title will pass; but nevertheless the object of the suit is not to determine the title, but to compel the defaulting party to abide his agreement."

■■■ The real question here is whether or not there is a substantial difference between the original petition and its amendment and the substituted petition. If, as a matter of fact, there is no substantial difference in the substance of these two petitions and the relief prayed, then the land bank is not in a position to sustain its claim under the special appearance. We have

heretofore set out the substantial differences between the two. In both instances the action is for specific performance of the contract and for equitable relief. True, there are some matters alleged in the substituted petition as to the contents of the contract that are not alleged in the original petition and amendment, but, taking the contract as alleged, the relief asked is for specific performance and equitable relief. While in the substituted petition the term ''specific performance'' is not used, yet we think that the prayer thereto attached is sufficient to warrant specific performance. The fact that the second petition asked for the same relief that is asked in the first, but asks for additional relief that is not asked in the first, does not change the cause of action. In short, we think that both these petitions ask for specific performance of the alleged contract, and if there is an additional asking in the substituted petition, that would be taken care of by the court in its final decree. In so holding we are not determining the question of whether or not the petition and amendment states an action *in rem,* or whether the second states an action *in personam.* The fact that the plaintiff may have, in his substituted petition, asked for more relief than that to which he is entitled, does not change his cause of action.

One other question is raised here as to a petition of intervention by Don Dunlop. This grows out of the fact that it is claimed that Don Dunlop was a real party in interest to the original contract made between the plaintiff and the land bank.

Code section 11174 provides that any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought (which is done in this case), etc.

Code section 11176 provides that such intervention shall be by petition, and

''If such petition is filed during term, the court shall direct the time in which an answer shall be filed thereto.''

We have held in the case of Massachusetts Bond & Inv. Co. v. Novotny, 200 Iowa 227, 202 N. W. 588, that where a petition of intervention is filed no notice is necessary.

The intervener adopted the petition of the plaintiff, including the prayer therein. What we have already said with reference to the effect of this substituted petition will, of course, ap-

894

ply to the special appearance to the petition of intervention, and the total result is that the ruling of the court on the special appearance is affirmed.—**Affirmed.**

PARSONS, C. J., and DONEGAN, KINTZINGER, HAMILTON, RICHARDS, ANDERSON, and STIGER, JJ., concur.