MARY ALLEN, Appellee, v. JOHN W. ALLEN, Administrator, Appellant.

No. 45524.

JUNE 17, 1941.

REHEARING DENIED OCTOBER 17, 1941.

Tom Kirby and F. B. Haradon, for appellant.

C. H. Van Law, for appellee.

MITCHELL, J.—This is a proceeding in equity seeking to vacate and set aside the final decree of the court distributing the estate of the deceased, Fred Allen.

The petition alleges that Fred Allen departed this life on the 5th day of February, 1938; that the said decedent died intestate, and that at the time of his demise he was a resident of Marshall County, Iowa.

That the petitioner, Mary Allen, survived the said Fred Allen, as his surviving spouse, having married the said Fred Allen at Syracuse, New York, on the 12th day of February, 1920, and that she has continued to reside and now resides at Syracuse, New York.

That John W. Allen, purporting to be a son of the said decedent, on February 17, 1938, filed in the probate court of Marshall County his application for appointment of himself as administrator of the Fred Allen estate.

That in making said application, John W. Allen, stated that he was the sole heir of Fred Allen, and that said decedent "left no spouse him surviving".

That upon the said verified application being filed the Clerk of the District Court of Iowa in and for Marshall County appointed the said John W. Allen administrator of the estate of the said Fred Allen, deceased, and fixed his bond in the sum of $6,000. Bond was filed with oath of administrator as required by law and notices posted. That thereafter an inventory of the property of said estate was filed. That the administration of said estate proceeded without at any time making Mary Allen, who it is alleged survived the said Fred Allen as his widow, a party to said proceeding and without notice to her at any time of the pending of said administration.

That the said John W. Allen knew that Mary Allen had survived Fred Allen as his widow, and knew that she resided in Syracuse, New York.

That without giving the said Mary Allen any notice, and a year after his appointment and to-wit on February 23, 1939, he secured an order of court approving his final report, discharging him as administrator and exonerating his bondsmen.

We quote now the balance of the petition and the prayer:

506

"Par. 7. That in said administration of the Estate of Fred Allen, Deceased, the said John W. Allen, personally, and as administrator, is hereby charged with having through concealment, subversion and fraudulent failure to distribute the property of the said decedent in accordance with law, deprived this petitioner of her distributive share and interest in the estate of her said deceased husband; and the distribution of the proceeds of said estate to himself was and constitutes a fraud upon the rights and interests of this petitioner as to her statutory share and distributive interest as the surviving spouse of said decedent in and to the estate of which said decedent died seized; distribution of which share and interest to this petitioner the said defendant hereon refuses to make notwithstanding the demands made of the said defendant for such distribution to this petitioner.

"Wherefore, this petitioner, Mary Allen, as surviving spouse of the said Fred Allen, deceased, asks the decretal orders and judgment of the Court in the premises as follows:

"(1) That the purported order of the above named District Court entered in the Matter of the Estate of Fred Allen, Deceased, in Probate No. 7922, as of date February 23rd, 1939, purporting to approve the First and Final Report of the administrator therein, discharge said administrator, and exonerate his bond, be set aside, revoked, vacated and held for naught.

"(2) That the said John W. Allen as administrator of the Estate of Fred Allen, Deceased, be held and required to fully account for the property coming into his possession, of which the said decedent died seized, in the administration of his said trust as administrator of the estate of said decedent.

"(3) That the statutory distributive share and interest of this petitioner in and to the estate of which the said Fred Allen died seized, as the surviving spouse of said decedent, be confirmed and established, including her statutory right to have set off to her the property of said decedent exempted to him from execution as the head of a family residing in Iowa; also such reasonable and proper widow's allowance for her support during the period for administration as by law provided; and finally that her statutory distributive share and interest in

and to the proceeds of said estate for distribution be distributed to her, and ordered paid as by law provided.

"(4) And that this petitioner have such further orders, decretal orders and judgment as may appear meet and proper in the premises in the enforcement and recovery of her statutory rights and interests in and to the estate of her said deceased husband, as the surviving spouse of said decedent; and for the costs of this proceeding."

The record shows that John W. Allen had moved to the State of Missouri, and had become a resident of that state. The only service made upon John W. Allen, was personal service made upon him in Audrain County, State of Missouri.

John W. Allen filed a special appearance challenging the jurisdiction of the District Court of Marshall County, Iowa.

We quote the material part of same:

"Special Appearance.

"Now comes the defendant, John W. Allen, specially, and for the sole purpose of attacking the jurisdiction of the court, alleges:

"1. That the notice in the above entitled action, dated November 28, 1939, was served upon the defendant in the County of Audrain, State of Missouri.

"2. That at the time of said service, and ever since said time and now, the defendant, John W. Allen, was a resident and citizen of, and residing in Audrain County, Missouri.

"Wherefore, the defendant asks that service of the notice in the above entitled action be suppressed, and that said action be dismissed.

"Dated this 8th day of May, 1940."

The lower court overruled the special appearance, and John W. Allen has appealed.

The only issue on this appeal arises upon the plea to the jurisdiction of the court in this proceeding in equity, captioned in the matter in probate, out of which the complaint on its merits arises, presented on the special appearance of appellant and predicated upon personal service of notice upon the defendant in the State of Missouri.

508

It is the contention of the appellee, that the proceeding is one in rem, while the appellant contends that the proceeding is one in personam.

It must be kept in mind, that the proceedings in the estate of Fred Allen were closed, and that distribution of the property under order of Court had been made in February of 1939, while the petition in the case at bar was not filed until November 28, 1939, more than nine months after the final settlement in the Fred Allen estate.

What does the appellee ask and seek in this case? In her petition she prays that the order approving the final report be set aside, that John W. Allen, as administrator, be required to fully account to her; that her distributive share be ordered paid to her as by law provided, and finally that she may have judgment as may appear meet and proper in the premises in the enforcement and recovery of her statutory rights.

In the case of Pennoyer v. Neff, 95 U. S. 714, 727, 24 L. Ed. 565, 570, the U. S. Court said, we quote:

"Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale. Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the state, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings in rem. But where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely in personam, constructive service in this form upon a nonresident is ineffectual for any purpose. Process from the

tribunals of one state cannot run into another state, and summon parties there domiciled to leave its territory and respond' to proceedings against them. Publication of process or notice within the state where the tribunal sits cannot create any greater obligation upon the non-resident to appear. Process sent to him out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability.''

In the case of Raher v. Raher, 150 Iowa 511, 532, 129 N. W. 494, 501, 35 L. R. A., N. S., 292, Ann. Cas. 1912D, 680, this court said, we quote:

''We have now no hesitation, however, in announcing our conclusion that a state cannot by providing for personal service outside of its territorial limits authorize its courts to render personal judgment against a defendant thus served.''

The Minnesota Supreme Court was confronted with the same legal proposition involved in the case at bar, and in its opinion it quotes from a case from Michigan with similar facts.

In the case of Sellars v. Sellars, 196 Minn. 143, 145, 264 N. W. 425, 426, the Minnesota court said:

''The order of the district court dismissing the proceedings was based on the sole ground that it had no jurisdiction over either the person of the defendant or the subject matter of the action. The only question for our consideration is whether that court did lack such jurisdiction. This question must be answered in the affirmative.

''Plaintiff urges that this is an in rem action. To that we cannot agree. In Durfee v. Abbott, 50 Mich. 278, 15 N. W. 454, 458, an executor gave a bond. Its condition was that the principal obligor should pay all the debts and legacies of the estate. Subsequently a suit was brought against the executor on an alleged indebtedness of the testator. The executor was served by publication as in probate proceedings. The Michigan court, in holding that such a service would be insufficient stated:

'' 'It seems plain, then, that the right to establish the claim in controversy on merely constructive notice to the parties concerned cannot be admitted on any assumption that the proceeding is a proceeding in rem. The res having disappeared and

the demand having become the personal obligation of the executor and his sureties, they are entitled to have it treated as a personal obligation in the proceedings to prove it. They are entitled to their day in court, and to personal service of process, or a substitute therefor, to bring them before the court.'

"* * * The action attempted to be brought by plaintiff here, if successful, would result in a judgment in personam against the defendant. A court must acquire jurisdiction over the person of a defendant before a judgment in personam can be rendered against that defendant [citing cases]. Here no such jurisdiction was ever acquired. A court cannot give itself personal jurisdiction over a party merely by assuming it; the extent of a court's jurisdiction being determined by territorial limitations in this instance [citing cases]."

We can come to no other conclusion, but what the appellee is seeking in this case is a personal judgment against the appellant. The Fred Allen estate has been closed, the property distributed. If the appellee can prove the allegation of her petition, she is entitled to a judgment against John W. Allen. A court must however acquire jurisdiction over the person of a defendant before a judgment in personam can be rendered against that defendant. Courts cannot assume jurisdiction. The only service on the appellant was outside of the territorial limitation of the court, and no jurisdiction was ever acquired.

It necessarily follows that the lower court was wrong, in overruling the special appearance and this case must be and it is reversed.—Reversed.

GARFIELD, SAGER, WENNERSTRUM, MILLER, BLISS, OLIVER, and STIGER, JJ., concur.