SLOAN-PIERCE LUMBER COMPANY, Appellant, v. F. I. GARDINER, Appellee.

No. 45854.

MAY 5, 1942.

Howard L. Bump, for appellant.

Edson & Edson, for appellee.

BLISS, C. J.—In its petition, the appellant alleged that: About February 1, 1941, in Des Moines, Iowa, it verbally proposed to appellee, a nonresident of Iowa, that it would sell to him the buildings and equipment and an assignment of the lease for $6,500, and the stock of merchandise at the manufacturers' market price, and that the offer was not then accepted but the contract was consummated some days later by an exchange of telegrams and letters; the contract contemplated appellee would pay appellant $6,500 in cash for the buildings and equipment on delivery, an additional sum of $4,500 on completion of the inventory, and any balance by the execution of notes by appellee and his wife, payable $2,000 each year until the entire purchase price was paid; the said property was all located in Adel, Dallas county, Iowa, and the contract was to be there performed. Appellant prayed that a decree be entered granting to it the following relief: (1) That appellee be required to take and pay for the property as agreed; (2) that the judgment rendered be a lien upon the property sold until payment of the purchase price; (3) that appellee be required to pay the cash payments on the judgment rendered, and to execute and deliver the promissory notes as stipulated; (4) that a writ of attachment issue against the goods, rights, property, and credits of appellee, wherever found in the state of Iowa, and that they be seized and held until the final termination of this suit; and (5) for such other and further relief to which the appellant might be equitably entitled.

The garnishee in Buena Vista county, on March 4, 1941, answered the interrogatories propounded by the sheriff of that county that it owed appellee money on promissory notes of $12,800 not yet due and on which interest had been paid to March 1, 1941, and had no other property of appellee. In the action the garnishee filed answer: That its indebtedness to the

appellee was represented by negotiable promissory notes delivered to appellee and not in its possession and it had no knowledge of where they were; that the debt was not due and that it could not be held liable thereon as garnishee unless it was exonerated or indemnified from all liability thereon if it paid any judgment entered in the action, under section 12173 of the 1939 Code, which so provides. It prayed that the garnishment be dismissed unless appellant complied with the section. There was no compliance. No other property was attached or levied on.

In his special appearance and motion for dismissal, the appellee denied the jurisdiction of the court over the appellee or the subject matter, and alleged that the action was strictly in personam against a resident of California, personally served in that state, and that the court was without jurisdiction to enforce any decree it might enter.

The trial court filed a ruling, and thereafter, a decree, sustaining the special appearance of appellee and his motion to dismiss, and expressly held that the court had no jurisdiction of the person of the appellee or the subject matter of the action.

In its ruling, the court refers to the contention of the appellant that the contract was to be performed in Dallas county. The court found there was no basis for such claim. Respecting appellant's claim that the action involved the determination of an interest in real estate in Dallas county, the court said:

"Nothing in the exhibits attached to plaintiff's petition, and upon which the contract must be predicated, makes reference to real estate, except indirectly; and even assuming that the leasehold was to be conveyed by plaintiff, upon the compliance of defendant with the terms of the contract, this does not make such an action concerning real estate as would confer upon the Court jurisdiction over a non-resident, in Dallas County.

"The real question involved in the case, as I view it, is the construction to be placed upon Iowa Code Section No. 11037 [quoting it].

"It is not claimed that the defendant is personally served in this State, nor can it be seriously contended by plaintiff that at the time the action was commenced in Dallas County, that the defendant had any interest that might be subject to an attach-

ment in the property owned by plaintiff, and which, by contract, it was to convey to the defendant.

"This, then, leaves the question as to the meaning of the statute as to 'wherein any part of the property sought to be attached may be found, or wherein any part is situated when the action was commenced'. * * *

"In my judgment, before this Court can obtain jurisdiction over a non-resident, a strict compliance with the statute is necessary, and in no event does the Court obtain jurisdiction of a non-resident defendant in excess of property attached, as any order or decree entered by the Court in such an action must be an action *in rem* against the property of the defendant held under an attachment. The statute clearly sets forth the procedure necessary in order for the Court to obtain jurisdiction. * * * I do not find that the defendant had any interest in property in Dallas County, Iowa, at the time the action was commenced; nor is it claimed by plaintiff that any property of the defendant was attached other than the garnishment in Buena Vista County, Iowa. This, in my judgment, does not raise a question of venue but a question of jurisdiction, * * *."

The court was of the opinion that Laird Brothers v. Dickerson, 40 Iowa 665, relied upon by appellant, was not an authority for appellant's contention.

The trial court, apparently, was not sure of the theory of appellant's case, and this court is not certain about it. The allegation of the nonresidence of appellee entitled the appellant to a writ of attachment, and it prayed for the issuance of a writ. Under it, a debtor of appellee was garnished in Buena Vista county. If any property was thus attached the appellant was entitled to bring its action in that county, under Code section 11037. It made no attempt to do so. On the question of jurisdiction, it claims something under Laird Brothers v. Dickerson, 40 Iowa 665. The four members of the court were equally divided on the point relied upon by this appellant, and under the facts of the case we agree with the trial court that it has little, if any, application.

Appellant has but one division in its argument. It states the proposition relied upon thus:

"The action being a suit for specific performance of personal and interest in real property, the district court of Dallas County has jurisdiction of the subject matter and the parties."

It then cites and quotes sections 11039 and 11049 of the Iowa Code, neither of which is in point. It also cites section 11081 (4) providing that service by publication may be had "in actions to compel the specific performance of a contract of sale of real estate." It also cites and quotes Code section 11037, to wit:

"Nonresident—attachment. An action against a nonresident of the state, when aided by an attachment, may be brought in any county of the state wherein any part of the property sought to be attached may be found, or wherein any part was situated when the action was commenced, or where the defendant is personally served in this state."

No property was attached in Dallas county. If any property was attached it was in Buena Vista county, and, in view of the appellant's failure to comply with Code section 12173, there may be a question whether there was any completed garnishment. We do not pass upon this question, since the appellant claims little or nothing under the attachment and obtained personal service on the appellee in California.

Appellant's main reliance is Code section 11034, which is as follows:

"Real property. Actions for the recovery of real property, or of an estate therein, or for the determination of such right or interest, or for the partition of real property, must be brought in the county in which the subject of the action or some part thereof is situated."

Appellant summarizes its position thus:

"In view of Code section 11034 and the decisions of this Court under it, the action was properly brought in Dallas County and that Court acquired jurisdiction of the subject matter.

"The defendant, being a nonresident of the state, notice could be served upon him by publication or, as a substitute for publication, personal service on him in California, where he resided, which was done. Therefore, the Court acquired juris-

diction of the defendant to render a judgment *in rem* against his property by the service of the said notice.

"The action being properly brought in Dallas County and the District Court, being a court of general jurisdiction in the state of Iowa, a Writ of Attachment issued by the Clerk, rightfully, the sheriff of Buena Vista, lawfully seized, by the attachment, the interest of the defendant in the debt to him from the Lane-Moore Lumber Company [garnishee]. The Court has jurisdiction of the subject matter, of the defendant, and of his property."

As we view the case, any rights which the appellant has in this action must be bottomed upon section 11034. This is also the chief contention of the appellant. The section has application only to real estate, or to some right, interest, or estate therein. This action is not to recover real property or an estate therein, nor to partition real property. To come within the section, appellant's suit must be "for the determination" of some *right* or *interest* in real property. Appellant has no right, estate, or interest in any real property, which is involved in the contract, except a lease of the ground upon which the lumberyard is located. The remainder of the property, which he contracted to sell, and which is by far the greater part of it, is personal property, and is not within the purview of the section. The assignment of the lease is but a minor part of the transaction and an incident thereof. It is not separable from the contract as a whole. The contract may not fairly be called one for the sale of real estate. Neither may the suit be designated one for the specific performance of a contract for the sale of real estate. In the suit as pleaded, just what interest in real estate may be determined? There is nothing to indicate the terms of the lease, or any restrictions on assignability. Who the owner-lessor is does not appear, and he is not a party to the suit. He is certainly a proper party and might be a necessary party to a determination of any rights under the lease.

The court below had no jurisdiction of the appellee authorizing it to render any personal judgment or decree against him. It could not require him to assume the obligations of the lease or to pay whatever rentals were provided therein. It could not

render a personal judgment against him for the purchase price agreed upon. In fact, the prayer of the petition does not directly ask for such judgment, but prays that "the judgment rendered" shall be made a lien on the property involved. The only interest in real property is the lease. Certainly the purchase price could not be made a lien on that interest. In fact, no burdens or restrictions could be placed thereon without the consent of the landlord. The only property interest within the contemplation of the section is one pertaining to real property. It has no application to personal property.

The court had no jurisdiction to enter a decree requiring the appellee "to take and pay the purchase price" of the property, or "to pay the cash payments on the judgment rendered therefor," or to "execute and deliver to plaintiff promissory notes in accordance with the said contract."

The appellee is a nonresident of Iowa, and, though the service upon him was personal it was made in California, and the trial court acquired no jurisdiction over him to render such judgments or decrees in personam as the appellant prayed for in its petition. Code section 11601; Raher v. Raher, 150 Iowa 511, 129 N. W. 494, 35 L. R. A., N. S., 292, Ann. Cas. 1912D, 680; Allen v. Allen, 230 Iowa 504, 298 N. W. 869, 136 A. L. R. 617; Fisher & Van Gilder v. First Trust Joint Stock Land Bank, 210 Iowa 531, 534, 231 N. W. 671, 69 A. L. R. 1340; Richardson v. Richardson, 134 Iowa 242, 111 N. W. 934; Bank of Horton v. Knox, 133 Iowa 443, 109 N. W. 201; Lutz v. Kelly, 47 Iowa 307; Darrance v. Preston, 18 Iowa 396; Weil v. Lowenthal, 10 Iowa 575; Griffith v. Milwaukee Harvester Co., 92 Iowa 634, 61 N. W. 243, 54 Am. St. Rep. 573. For reasons already stated, under the record herein and under section 11034, the appellant was not entitled to a judgment or decree in rem for a lien against either the personal property or the leasehold interest. None of the property in Dallas county was attached.

Appellant cites and relies upon Epperly v. Ferguson, 118 Iowa 47, 91 N. W. 816; Titus Management Co. v. Kelsey, 221 Iowa 1368, 1372, 268 N. W. 23, 25; Eckhardt v. Bankers Trust Co., 218 Iowa 983, 249 N. W. 244, 252 N. W. 373; Dunlop v. First Tr. JSL Bk., 222 Iowa 887, 270 N. W. 362; Whalen v. Ring, 224 Iowa 267, 276 N. W. 409; Wagner v. Glick, 177 Iowa

623, 159 N. W. 233. Under the facts and the records made in these cases they have no application and are not controlling here. In none of them was the defendant a nonresident of Iowa served outside of the state, except in the Dunlop case. And in that case the defendant first appeared generally and answered. This court has been quite liberal in its construction of section 11034, but in no case have we gone so far as appellant asks us to go in this case.

The case before us in no way affects title to land. In the Titus case, supra, page 1372 of 221 Iowa, page 25 of 268 N. W., we said:

"It is evident that the intention and purpose of the legislature in passing the section under consideration [section 11034] here was to have the records of the county where the land lies show all matters that in any way affect the title to said land. The cases that we have reviewed, which practically cover all the cases decided under this section of the statute, point to this undoubted conclusion."

This view is reiterated in Whalen v. Ring, supra, 224 Iowa on pages 272, 273, 276 N. W. 409.

It is our conclusion that the decree of the trial court was right and should be affirmed. It is so ordered.—Affirmed.

MITCHELL, STIGER, SAGER, HALE, GARFIELD, and WENNERSTRUM, JJ., concur.

OLIVER and MILLER, JJ., concur in result.